Harper *vs.* Whitehead *et al.*

JAMES HARPER, plaintiff in error, *vs.* JOHN B. WHITEHEAD *et al.*, defendants in error.

1. A bill was filed by *feme coverts*, together with their husbands, to compel, among other things, the execution of their mother's will, in which their respective shares were directed to be paid to trustees, for their separate use: *Held*, that the bill was not objectionable on the ground that such trustees did not join with the *feme coverts*, no such persons being then in existence, nor necessity for them, until the property should be distributed, etc.

2. It is only necessary for a *feme covert* to sue in equity by *prochein ami* to secure costs, etc. When no such necessity exists, she may in equity sue alone.

3. When the *feme coverts* are complainants in the bill *propria persona*, that, of itself, is sufficient evidence that they assented to the filing of the bill.

4. When married women file a bill in respect to their separate property, in which there is no antagonism between them and the rights so claimed of their husbands, they (the husbands) ought to be joined with them as complainants, and not as defendants to the bill.

5. When a bill for injunction is verified by the affidavit of one of the complainants, that "the facts set forth in the bill, as far as they relate to his act and deed, are true, and so far as they relate to the act and deed of others, he believes to be true:" *Held*, that such *proof* is sufficient.

6. Certain property of the testatrix was levied on under execution against third persons, to which the executors filed a claim. Pending the claim, the legatees under the will, and one of the executors, against the protest of the other executor, entered into a compromise with such plaintiffs in execution, agreeing to pay them so much out of the estate of testatrix, in compromise of their claims against the property of the estate: *Held*, that a submission to a Court of Equity of the propriety of such compromise, and to enforce such settlement, and protect the parties thereto from personal liability, made a proper case for equitable relief, etc.

7. That the answer denies all the equity of the bill, is no ground for dismissing the bill itself.

8. Although the complainant's remedy at law may be adequate as to some of the equities of the bill, still, if there is an equity in the bill for which there is no adequate remedy at law, the bill will be retained for all purposes.

In equity. From Richmond Superior Court. Tried before Judge HOLT. At June Term, 1861.

The record, in this case, is voluminous, and from it the following statement is extracted, which is deemed sufficient for a clear understanding of the questions made, and the decision of the Court thereon

Mrs. Mary Ann Harper, a *feme covert*, owned and possessed a considerable estate in her own right, and to her sole and separate use, with power to dispose of the same by will. On the 29th day of June, 1854, Mrs. Harper made and published her will, disposing of her said separate estate, by giving the same to her husband, William Harper, his brother, James Harper, her brother, John Cashin, her son, William Harper, Jr., John B. Whitehead and James T. Whitehead, to be held by them in trust for the support and maintenance of the children of the testatrix not provided for, and to have a home for them under the supervision of her husband alone.

The will empowers the trustees, (who are also appointed executors of the will,) with the consent and approbation of the husband of testatrix, to divide the property amongst her children, as nearly equal as possible, during the life of her husband, or to make advancements to the children, as may be deemed most advisable.

The will also directs that the portions falling to the daughters then married, and those that might thereafter marry, should be made over to trustees for each of them, and their children, not to be liable for the debts of the trustees or the husbands of the daughters, and that such of her daughters as should have no children, might devise their portion in any manner they might see proper.

Mrs. Harper died, leaving the will in force, and the same was duly proved and recorded, and James Harper, John Cashin and William Harper, Jr., were qualified as executors thereof.

John Cashin died, after making, jointly with the other executors, one return.

James Harper and William Harper, Jr., made one other return jointly, and James Harper made another return by himself alone.

The personal estate of the testatrix was disposed of according to the terms of the will, and the real estate remains undistribued.

The debts of the testatrix have been paid, or so nearly so as to be easily provided for.

William Harper, the husband of testatrix, died, without dividing or distributing the estate, as he was authorized to do under the will, and the entire estate was left in the hands and under the control of James Harper alone, who was taking no steps and making no effort whatever to execute said will, or to distribute the property amongst those entitled thereto, according to the terms of the will.

Under these circumstances, the property of the estate was levied on by virtue of certain writs of *fieri facias*, in favor of the Bank of the State of Georgia, and of the Bank of Savannah, and of the Bank of Augusta, and of the Union Bank, against James Harper and William Harper, a firm of which the said James Harper, executor, and William Harper, deceased, the husband of testatrix, were the members.

Against these levies the trustees and executors aforesaid interposed claims, which were pending in Richmond Superior Court, and as the litigation was likely to be a protracted one, and the result as to one piece of the property doubtful, and the minor legatees being greatly in need of their portions, in order that they might be properly maintained and educated, all of the legatees and one of the executors, to-wit:    William Harper, Jr., under the advice of their counsel, Hon. Ebenezer Starnes and the Hon. Charles J. Jenkins agreed, with the plaintiffs in *fi. fa.* in said claim cases, to pay to the attorneys of said plaintiffs in *fi. fa.* out of the first money realized out of said estate, the sum of $6,000 00, with interest on the same from the time the cases should be settled in Court, in consideration of which verdicts in favor of the claimants in said cases.

This agreement was made on the 21st of July, 1860, and signed by John B. Whitehead in his own right, and as guardian of Charles A. Harper, Adeline C. Harper; John P. C. Whitehead, in his own right, and as guardian of James E.

Harper, William Harper; John M. Dent, in his own right, and as guardian of H. C. Harper, James T. Whitehead, Ellen Harper and John C. Harper.

James Harper, the other executor, dissented from this settlement and refused to carry it out, and thus the estate remained hung up by the litigation, and the parties entitled thereto deprived of its use and enjoyment.

Under these circumstances, a bill in equity was filed by John B. Whitehead, John P. C. Whitehead, John M. Dent, and James T. Whitehead, in right of their wives, Catherine M. Whitehead, Margaret Whitehead, Mariah Dent, and Mary Ann Whitehead, and Charles B. Whitehead, a minor by his guardian, John B. Whitehead; James E. Harper, a minor by his guardian, John P. C. Whitehead; Henry C. Harper, a minor by his guardian, John M. Dent; John C. Harper, Catherine M. Whitehead, Margaret Whitehead, Mariah Dent, Mary Ann Whitehead, Adeline C. Harper, and Ellen Harper, being the children of the testatrix, Mrs. Mary Ann Harper, against the said James Harper, and William Harper, Jr., the executors of said will, in which bill the facts before detailed were alleged and set forth.

The bill further charges, that James Harper, assuming the entire control and management of said estate, was insolvent, and was wasting the property of the estate to the injury of the legatees entitled thereto.

The prayer of the bill was, that the property should be taken from the hands of the executors under the direction, supervision and control of the Court; that some fit and proper person be appointed by the Court to receive the rents, issues and profits until the same can be sold and disposed of, under the order and direction of the Court; that such person be authorized to advertise the property and expose it for sale in market overt at an early day, receive the proceeds of such sale, pay the debts of textatrix which may remain unpaid, out of the same; to pay out of said proceeds the amount of $6,000 00, which complainants had agreed to pay as a compromise of said suits, and that a decree be had for his protection and that of complainant, on account of such payment,

and that he (the Receiver,) should distribute the balance, after the payment of expenses, under the direction and decree of the Court, conveying and settling the same as by the provision of said will directed; that the executors should be directed to deposit in the hands of the Receiver, the title deeds and writings relating to the property, and the evidences of indebtedness to the testatrix, and that said executors be enjoined from collecting rents, etc., and from the control of the same, and to account with complainant for their administration, etc., and to which was also added a prayer for general relief.

The bill was verified by the affidavit of John B. Whitehead, in which he "deposeth and saith that the facts set forth in the bill, so far as they relate to his act and deed, are true, and so far as they relate to the act and deed of others he believes them to be true."

The bond required by law was also given by the said John B. Whitehead, in order to obtain the relief prayed for in the bill.

On the 7th of August, 1860, upon proper notice to the parties, an interlocutory order was passed appointing a Receiver, and directing James Harper to surrender the estate to such Receiver.

Other interlocutory orders were taken in the case which it is deemed unnecessary to state.

Before the case was submitted to the jury, complainants, by leave of the Court, amended the bill so as to include the minors therein mentioned as parties complainants.

After this amendment, and still before the case was submitted to the jury, counsel for the defendants in the bill moved to dismiss the same, together with the interlocutory orders founded thereon, upon the following grounds, to-wit:

1st. Because the trustees of the married daughters of Mrs. Harper were not made parties complainant to the bill.

2d. Because such married daughters should have been parties complainant by *prochein ami*.

3d. Because it nowhere appeared that the *femes covert* legatees assented to the filing of the bill.

4th. Because the husbands of the *femes covert* should have been parties defendants to the bill instead of complainants.

5th. Because the affidavit to the bill was made by a party who should have been a defendant, and that the said affidavit is insufficient, not embracing important facts stated in the bill, and necessary for the Court to know, before the interlocutory orders could have been legally granted.

6th. Because the bill seeks to enforce the performance of a contract made by parties having no right to bind the estate of Mrs. Harper, the testatrix.

7th. Because the answer fully denies the equity of the bill.

8th. Because the remedy against the insolvency of the executor is complete at law.

9th. Because the executor cannot distribute said estate until trustees for the *femes covert* are appointed, in accordance with the provisions of the will, to whom he may deliver their portions.

10th. Because the pleadings do not show that the complainants are in fact legatees under the will.

The presiding Judge overruled the motion to dismiss the bill, and counsel for defendants excepted.

The case was then tried, and a decree rendered, removing the executors, and directing the estate to be delivered up to the Receiver, and by him disposed of according to the terms and provisions of·the will.

James Harper alone prosecutes the writ of error in this case to reverse the judgment of the Court below, on the ground that the Court erred in refusing to dismiss the bill on grounds taken in the motion to dismiss aforesaid.

W. W. Montgomery, for plaintiff in error.

E. Starnes, for defendants in error.

Harper *vs.* Whitehead *et al.*

*By the Court.*—LYON, J., delivering the opinion.

The motion to dismiss the bill was properly overruled :

1. Trustees of the married daughters of testatrix could not have been made parties complainants, because no such persons were in existence, nor was it necessary that there should be such persons at that time. The main objects of the bill were to compel an execution of the will, or rather an administration of the estate of testatrix under the will, to take the direction of the Court in respect to a compromise that had been proposed and agreed to by complainants for the security and protection of all the parties, and then to have a distribution of the balance of the estate among the legatees according to the provisions of the will; until this point was reached there was no necessity for trustees, then it would be, so that they might receive and hold, according to the will, the shares of the single, as well as married daughters, and to this the Court would unquestionably look at the proper time.

2. Nor was it necessary that the married daughters of testatrix should have been parties complainants by *prochein ami.* In equity a *feme covert* being entitled to property separate and distinct from her husband, may sue in her own name, and in that case a person, or *prochein ami,* is required to be joined with her, only that he may be responsible for the costs of the proceedings in case it should appear that the suit is improperly instituted or conducted. Dan. Ch. Pr., 86. In this case there is no pretence that the joining of a *prochein ami* is necessary for that purpose or any other. Indeed, the defendants were amply protected as to costs, etc.

3. That the bill is filed by the *femes covert* in their own names, as complainants, is sufficient evidence that they assented to its being filed.

4. We do not think that the husbands of the married ladies, complainants, need to have been parties defendants. No decree was asked against them, and all their interest was with that of their wives, and hence they were properly made parties complainants.

5. The affidavit, attached to the bill for the purpose of obtaining from the Chancellor the writ of injunction, that " the facts set forth in the bill, as far as they relate to his act and deed, are true, and so far as they relate to the act and deed of others, he believes them to be true," was sufficient for the purposes for which it was made.

6. The sixth ground of the motion to dismiss the bill, that it " seeks to enforce the performance of a contract made by parties having no right to bind the estate of Mrs. Harper, the testatrix," is not well taken.   It is true that the parties complainants who had agreed to the compromise or settlement of the claims of the plaintiffs in executions against the property of testatrix by the payment of $6,000 00 out the trust estate, had no right to bind this estate at law, nor do they so claim, but they present the facts to the Court, and assert that an execution of this agreement will be beneficial to that estate in which they are so directly and immediately interested, and ask the Court to decree its performance as a just and equitable arrangement, and for this purpose we think the bill was well brought.

7. That the answer denies the equity of the bill is no ground for dismissing the bill itself.

8. The insolvency of the executor, James Harper, is the least of the equities of the bill, and that a remedy exists at law for the protection of the complainants in that respect, is no reason for dismissing a bill that otherwise contains sufficient equities to give the Court jurisdiction independently of that ground.

The ninth ground of the motion is sufficiently noticed in the reply to the first, and we cannot agree with counsel as to the tenth, because we think the bill does show that the complainants are the legatees under the will of the testatrix.

Let the judgment be affirmed.

Mr. Justice JENKINS did not preside in this case.