JOWERS *et al.* *v.* LOTT & PERKINS.

96  333
e124 239

Upon the hearing before the judge of a petition for injunction, " the case was closed," " with the understanding " that certain registered deeds, in evidence and relied upon by defendants, would be attacked for forgery, the judge at the same time remarking " that affidavits could be submitted next day." On the next day the statutory affidavit of forgery was made by one of the plaintiffs, attacking the deeds above indicated, and handed to the judge but not submitted to defendants or their counsel. On the next succeeding day, the judge in delivering his judgment in the case referred to this affidavit, and thereupon counsel for defendants, stating that they had never seen it nor until that moment been informed of its existence, made a request that they be allowed time to submit counter-affidavits in support of their deeds. It was of vital importance to the defense to establish the genuineness of these deeds: *Held,* that under these facts it was error to deny this request and to then and there grant the injunction without allowing the defendants an opportunity, by submitting proof as to the due execution of the deeds thus attacked, to meet and overcome the affidavit of forgery submitted in behalf of the plaintiffs.
June 10, 1895.

Injunction.     Before Judge SWEAT.     Coffee county. March 28, 1895.

E. D. GRAHAM, by brief, for plaintiffs in error.

LUMPKIN, Justice.

Under the facts of this case, which are briefly stated in the head-note, we think it apparent that the judge committed error. If the registered deeds introduced in evidence and relied upon by the defendants were not void for forgery, no case for an injunction was made out. In the absence of any attack upon them, they should have been treated as valid deeds, duly

proved, and given the probative value to which they purported to be entitled.

Although, on the day when "the case was closed," there was an "understanding" that these deeds would be attacked for forgery, and that evidence for this purpose could be submitted the next day, surely the filing by one of the plaintiffs of an affidavit that, to the best of his knowledge and belief, the deeds in question were forgeries, was not of itself sufficient to prove their want of genuineness. Indeed, this was only the statutory affidavit of forgery, which at best was only sufficient to put upon the defendants the burden of proving the due execution of the deeds.

It seems, moreover, that they knew nothing of the existence of this affidavit until it was mentioned by the judge when about to render his decision; and certainly if, as seems to have been true, he regarded the attack upon the deeds, when considered in connection with "their appearance, under an inspection by the court," as sufficient to authorize a finding that they were forged and fraudulent, he ought, under the circumstances, to have allowed the defendants a reasonable opportunity to prove, if they could, by introducing evidence as to the due execution of the deeds, that they were genuine and valid.                     *Judgment reversed.*