# SYLVANIA WATER SUPPLY COMPANY *v.* OVERSTREET
## (two cases).

Where upon the hearing of a rule upon a petition for injunction the judge reserves his decision, it is error for him, pending the consideration of the case and before his decision is made, to permit the plaintiff to amend the petition in a material particular and submit affidavits in support of the petition as thus amended, without giving notice to the opposite party of such amendment and affidavits, in order that said party may meet the same if he should so desire.

Argued October 7,—Decided November 13, 1905.

Injunction.　　Before Judge Rawlings.　　Screven superior court. July 14, 1905.

Overstreet applied to the judge of the superior court for an injunction against the Sylvania Water Supply Company, alleging in substance as follows: The defendant company, when it first commenced operations in the year 1904, gave notice to the citizens of Sylvania that its terms for supplying water would be "seventy-five cents for the first hydrant installed and twenty-five cents for each additional hydrant used on the premises of the citizens of said city, with the privilege of using them as they should see fit around and in their dwellings, lots, and premises." Before putting in pipes or connecting with the waterworks of the defendant company, petitioner was informed by said company "that the water could not be used for watering flowers." Upon petitioner informing the defendant company that he would not use its water without such privilege, it was agreed that he could use the water in his yard and for the purpose of watering flowers, "as petitioner should see fit," upon the terms stated above, provided petitioner would put in the pipes. Acting upon this agreement, petitioner alleges, he put in pipes and fixtures at an expense of one hundred and fifty dollars and also a hydrant in his yard, from which he has been watering his flowers, paying for the water according to the aforementioned terms. The defendant, shortly before the filing of this bill, gave petitioner notice that its rates for hydrants used to water flowers had been increased to five dollars a month; and that unless petitioner would pay that amount his pipes would be disconnected from the defendant's waterworks system. Petitioner alleges that if the defendant company should be allowed to cut off his water, his loss

would be irreparable. He prays that the said company be restrained from so doing.

The judge granted a temporary restraining order, and required the defendant to show cause upon a certain date. On the day named the defendant appeared and demurred generally to the petition, on the ground that it was without equity and set forth no cause of action; and specially to the allegations in reference to the contract set out in the petition, for the reason that it was not therein alleged "the time for which the alleged rate was to be charged," and because the contract was not alleged to have been in writing, nor was the length of time "for which the alleged contract was to run" stated. Defendant further demurred on the ground that the petition did not show that the alleged damages would be irreparable, or that the defendant is insolvent. After filing its demurrer the defendant answered the petition as follows: It denied having made any contract with Overstreet, "but at the urgent solicitation and request of the plaintiff's wife, defendant did put in a hydrant at that place for the purpose of watering flowers. . . It was not a part of defendant's published rates that it would furnish water for the use of flower-gardens, gardens or lawns, but on the contrary defendant had stated generally that it would not furnish water for such purposes." Defendant admitted that its rates for water in dwellings was seventy-five cents per month for the first hydrant installed and twenty-five cents monthly for each additional hydrant, but denied that this rate applied to hydrants in flower-gardens, etc. Defendant also admitted that it had received only twenty-five cents per month in payment for the hydrant in petitioner's flower-garden, but averred that it rendered a statement charging a dollar and a half for the yard hydrant, which complainant's wife refused to pay, and that "rather than have contention about the matter defendant did not insist upon said charges. . . The water to this hydrant was supplied at a cost to this defendant far in excess of the amount received; but as defendant had only one other hydrant for the purpose of watering flowers, it voluntarily bore the expense and submitted to the injustice rather than have a difference with these two customers." Defendant further averred, that, by reason of the hydrant in petitioner's yard being left running all night as well as a great portion of the day, "the supply in the tank would become exhausted before daylight, to the injury and in-

convenience of other customers and this defendant." After the filing of the answer a hearing was had; whereupon the judge announced that he would reserve his decision until further consideration of the case, and requested counsel for both parties to furnish him with additional legal authorities. Sometime after the hearing the plaintiff offered an amendment to his petition and affidavits to support the amendment, the substance of which appear in the opinion, which were allowed by the judge without any notice whatever being given to the defendant. Shortly after this amendment was allowed the judge rendered his decision restraining the defendant until the final hearing of the case, to which the defendant excepted upon the grounds that the judgment was contrary to law and the evidence, and because the court erred in allowing the amendment and affidavits after the hearing and without notice to the defendant.

*Phil. P. Johnston* and *H. J. Fullbright,* for plaintiff in error.

*E. K. Overstreet,* contra.

BECK, J. (After stating the facts.) No extended argument is required to show that the defendant in the court below was deprived of a material right. We do not know, in view of the state of the pleadings and the evidence when the case was closed at the time of the hearing at chambers, what the judge's decision in the exercise of his discretion would have been had he rendered it upon the case as then made. But, instead of rendering his judgment then, he reserved his decision, and, pending the consideration of the cause, permitted defendant in error to file an amendment containing new and material averments. In the petition as it stood before the amendment was allowed the plaintiff below alleged and complained that the defendant company commenced operations in the year 1904, giving notice to the citizens of Sylvania at that time as to what its terms and charges would be, fixing them at a certain amount according to the number of hydrants used, fixing a charge for the first hydrant and a lower charge for each additional hydrant used on the premises of those citizens who should take water from said company. The plaintiff alleged further, that, before putting in pipes upon his premises and before connecting with the waterworks system of the defendant company, he was informed by the company that the water could not be used for the purpose of watering flowers; whereupon petitioner informed the company that he would not take

the water without the privilege of using it in his yard and for watering his flowers; the defendant company then, through its president, informed petitioner that, if he would put in pipes and take the water, he should have the privilege of using it in his yard and for the purpose of watering flowers as petitioner should see fit according to the terms already stated. The defendant company denied a part of the above allegations, but admitted that through its president it did say the charge for water would be seventy-five cents per month for the first hydrant and twenty-five cents per month for each additional hydrant, these charges, however, applying only to hydrants used in residences, and not to such as might be put in yards, flower-gardens, etc. Both parties submitted evidence to support their contentions. In the amendment to the petition, the allowance of which is complained of, it is alleged that the defendant company, by its president, agreed to furnish water at "said rates" as long as the artesian well from which it obtained water would afford sufficient water for "such purpose" and for drinking purposes, only reserving the right to cease furnishing water in the event the well should fail to furnish a sufficient quantity for "such purposes." . . "That said well affords more than ample and sufficient quantity of water for the enjoyment of petitioner of his rights under said contract, as well for watering flowers as for all other purposes. In point of fact said well affords a sufficient quantity of water to more than many times supply the demand of the various customers of the Sylvania Water Supply Company." Affidavits were submitted to support the new averments in this amendment, and, upon the case as made by the original petition, the defendant's demurrer and answer, and the amendment to the original petition with all of the aforesaid affidavits, the judge made and rendered the decision now complained of.

The effect of allowing this amendment was to open the case for further demurrer or answer. The opposite party should have been given notice of the amendment and allowed reasonable time to answer the same, and to submit evidence supporting his answer. "An amended bill is considered as an original bill" (*Carey* v. *Smith,* 11 *Ga.* 540), and the right to contest the averments of the former is as complete as the right to answer and contest those of the latter. We must also agree with the contention of counsel for plaintiff in error that the judge erred in receiving and considering

the affidavits filed after the hearing, for the reason that no application was made to have the case reopened for this purpose. and no notice was given to the opposite party. In the case of *Jowers* v. *Lott, 96 Ga.* 333, this court reversed the judgment of the lower court, for receiving and considering an affidavit and denying to the opposite party an opportunity to submit counter-affidavits. "The ruling of this court has gone to the extent of rejecting all affidavits not filed and of which no notice has been given to the adverse party." *Huff* v. *Markham, 70 Ga.* 284.

The plaintiff in error further excepts to the order allowing the amendment to the petition, on the ground that it sets forth a new cause of action; and to the three affidavits submitted after the hearing, on the ground that they were not entitled in the cause pending. We do not consider the questions raised by these exceptions as properly here for consideration, as the objections are here made for the first time, they not having been made before the trial judge. And that reason for not passing upon them is a valid one, although the plaintiff in error was denied an opportunity of making them below; for the presumption is that when the objection is urged at the hearing the ruling thereon will be in accordance with the law.

*Judgment reversed. All the Justices concur.*