## HORTON *et al. v.* FULTON *et al.*

1. The owners of a sawmill can not lawfully throw the sawdust from their mill into a non-navigable stream, if the effect will be to pollute the water so as to render it unfit for farm purposes by lower riparian owners, or to clog the bed of the stream so as to cause its water to overflow and deposit large quantities of sawdust upon the lands of the lower owners, where such overflow and deposits will impair the value of the land.

2. Several lower riparian landowners have such a community of interest and right in the enjoyment of a non-navigable stream that they may join in a petition to restrain an upper proprietor or a stranger from

causing it to overflow and injure their lands, or from adulterating its water.

3. On an interlocutory hearing for injunction, affidavits which are not "intituled in the cause," and which make no reference to the case or the court where the case is pending, are not admissible in evidence.

4. Where the refusal or grant of an interlocutory injunction depends upon an issue of fact, and illegal testimony strongly supporting the successful party's contention has been considered by the judge in reaching his decision, the judgment will be vacated and a new trial ordered.

Argued January 15,—Decided March 28, 1908.

Injunction. Before Judge Wright. Floyd superior court. August 20, 1907.

*M. B. Eubanks,* for plaintiffs in error.

*John W. & G. E. Maddox,* contra.

Evans, P. J. This was a petition by seven landowners to enjoin the defendants, who operated a sawmill, from dumping sawdust into a non-navigable stream, which traversed the several tracts of land of the plaintiffs. It was alleged that the effect of throwing the sawdust in the stream was to pollute the water so as to render it unfit for farm use, and that no other stream ran through the lands of the plaintiffs. It was further alleged that the dumping of the sawdust in the stream caused the water to overflow its channel, and to spread the sawdust in large quantities over the plaintiff's lands, seriously impairing their use for agricultural purposes. A rule nisi was granted, requiring the defendants to show cause why the writ of injunction should not issue. At the interlocutory hearing the defendants presented a demurrer, wherein it was averred that plaintiffs were not entitled to injunction, under the allegations of the petition, and that there was a misjoinder of plaintiffs. The defendants also filed an answer denying the substantial allegations of the petition. Both parties submitted evidence, and upon a consideration of the demurrer and the evidence the court granted an injunction. The defendants except to this judgment, and also to certain rulings made pending the hearing.

1. Under the code, an upper riparian owner can not lawfully pollute the water of a stream so as to render it unfit for use by a lower owner. Civil Code, §3057; *Satterfield* v. *Rowan,* 83 *Ga.* 187 (9 S. E. 677). Nor can such upper riparian owner throw substances in running water, which will obstruct its flow, in such a manner as to inundate the land of a lower riparian owner, and cause deposits of such substances to collect on the lower owner's

land, to his injury. *Grant* v. *Kuglar,* 81 *Ga.* 637 (8 S. E. 878, 3 L. R. A. 606, 12 Am. St. R. 348). Such obstruction of the flow of the stream, or the adulteration of the water, so as to interfere with its use by the lower riparian owner, is a trespass to the latter's property. Civil Code, § 3879. To obstruct a watercourse, or contaminate its water so as to render it unfit for use, is a private nuisance. Civil Code, § 3861. Courts of equity will enjoin repeated acts which constitute a nuisance or a continuing trespass. *Persons* v. *Thornton,* 33 *Ga. Supp.* 141; *Lowe* v. *Holbrook,* 71 *Ga.* 563; *Chestatee etc. Co.* v. *Cavenders Creek Co.,* 118 *Ga.* 255 (45 S. E. 267). The equitable remedy of injunction not only avoids a multiplicity of suits, but prevents a continuance of the injury and cause of damage.

2. The objection that the plaintiffs have no common cause of action, and can not jointly sue, is without merit. Each plaintiff is alleged to own a distinct piece of land abutting the stream whose water is alleged to be polluted and obstructed. They have a common grievance against the defendants for an injury of the same kind, inflicted by the same act and at the same time. Where there is one common right to be established by several, equity will determine the whole matter in one action. Civil Code, § 4846. Though severally owning their respective lots of land, all the plaintiffs have a common right to be established, viz., the prevention of the defendants from contaminating and obstructing a stream which traverses their several properties. There was no misjoinder of plaintiffs. See Ballere *v.* Inhabitants of Hopkinton, 4 Gray, 324; Stobel *v.* Kerr Salt Co., 164 N. Y. 303 (58 N. E. 142, 51 L. R. A. 687, 79 Am. St. R. 643).

3. The plaintiffs, at the interlocutory hearing, over objection of the defendants, were allowed to put in evidence two affidavits,— one signed by three affiants and the other by two. The affidavits were not "intituled in the cause," nor did they state the court or case, or affirmatively disclose that they were made to be used in the particular case. The subject-matter of the affidavits related to the vital issues of the case. It is now well settled by many adjudications of this court that at an interlocutory hearing for injunction, affidavits not "intituled in the cause," or which do not refer to the case and to the court, are inadmissible in evidence, and should not be considered by the judge in making up his judgment granting

or refusing an injunction. *Johnson* v. *Tanner,* 126 *Ga.* 718 (7), and cit. (56 S. E. 80) ; *Hicks* v. *Portwood,* 129 *Ga.* 307 (58 S. E. 837).

4. The evidence was conflicting as to whether the throwing of sawdust in the stream polluted the water or interfered with the ordinary course of the stream. The affidavits above referred to strongly supported the contention of the prevailing parties in these respects. They were considered by the judge, and it is impossible to determine as to what persuasive power they exerted upon the judicial mind in reaching a conclusion on the facts. When illegal evidence which strongly tends to support the ultimate finding of fact has been considered by the court, the judgment will be vacated and another hearing ordered. *A. B. & A. Ry. Co.* v. *Cordele,* 125 *Ga.* 373 (54 S. E. 155) ; *Sylvania Water Co.* v. *Overstreet,* 124 *Ga.* 235 (52 S. E. 164).

<em>Judgment reversed. All the Justices concur.</em>