SOUTHERN COTTON OIL COMPANY *et al. v.* OVERBY *et al.*

1. While the evidence was conflicting, it can not be held that the presiding judge abused his discretion in granting an interlocutory injunction to restrain the erection of a gin in what was claimed to be a residence section of a city.

2. If there was any error in regard to the admission of certain evidence expressing opinions, it was not of such a character as to require a reversal of the grant of an interlocutory injunction.

3. On a hearing had under a rule nisi the judge should not grant a perpetual or permanent injunction, but only one of an ad interim character, to remain of force until the final trial.

   '(a) The language used in granting an injunction on an interlocutory hearing being such as to indicate that the injunction granted was permanent or perpetual in its character, direction is given that the interlocutory decree be modified so as to accord with the ruling in the preceding headnote.

MARCH 14, 1911.

Injunction.    Before Judge Whipple.    Crisp superior court. June 24, 1910.

*King & Spalding & Underwood* and *J. T. Hill,* for plaintiffs in error.    *Max E. Land,* contra.

LUMPKIN, J.    Certain property owners in the City of Cordele filed their equitable petition for the purpose of enjoining the erection of a cotton-gin near their property and residences, alleging that it would be a nuisance, would cause depreciation both of the market and rental value of the property, and would also injure it for residential purposes and tend to produce sickness.    On the hearing the presiding judge granted an injunction, and the defendants excepted.

The rules of evidence are not in all respects as rigidly enforced on interlocutory hearings as on final trials.    It has been held that the admission of some secondary evidence, or the admission of some hearsay or opinion evidence, will not necessarily require a reversal.    This arises from the difference in the method of adducing evidence on an interlocutory hearing and a final trial, and from the fact that the order or decree in the one is of an ad interim preservative character, in respect to which discretion plays a considerable part, while the judgment in the other is a final determination of the case and of the rights of the parties.    On the interlocutory hearing the evidence is generally introduced by ex parte affidavits, without opportunity for cross-examination, and a responsive answer may be used as an affidavit.    The two hearings

involve inherent differences, and to some degree these affect a reviewing court in regard to reversing the ruling of the court below on account of the admission or rejection of evidence. *Davis* v. *Covington & Macon R. Co.*, 77 *Ga.* 322 (5) (2 S. E. 555); *Georgia Railroad & Banking Co.* v. *City of Atlanta*, 131 *Ga.* 94 (61 S. E. 1035); *Richmond Cotton Oil Company* v. *Castellaw*, 134 *Ga.* 472 (67 S. E. 1035); *Atlantic & Birmingham Ry. Co.* v. *Mayor etc. of Cordele*, 128 *Ga.* 293 (2), 294 (57 S. E. 493). If some hearsay or opinion evidence were admitted, and an injunction denied, it would not follow, as matter of course, that an injunction would be granted if such evidence were excluded. There may be ample evidence to authorize the grant or refusal of an injunction, independently of such contested evidence. In such cases, if a reversal were granted, it would generally result, not in directing a contrary interlocutory judgment, but rather a new hearing, with the proper ruling in regard to the admission of evidence. Whether this will be done must depend somewhat on the nature and circumstances of the particular case and the character of the evidence admitted or rejected. If the evidence erroneously admitted or rejected was of a vital or controlling character, or the ruling such that injustice probably arose from it, such erroneous ruling would furnish strong reason for a reversal. But not every error in rulings as to evidence on such a hearing will demand a rehearing. Of course we do not mean that judges have free license to admit illegal evidence on such hearings, and to make rulings vitally affecting rights of parties, in the use of a discretion resting on evidence of that character.

In cases where this court has directed a rehearing to be had because of errors of the character mentioned, the actual rulings do not conflict with that now made, though some broad language may have been used. In *Harrison* v. *Cotton States Life Insurance Co.*, 78 *Ga.* 716, after the hearing on an application for a receiver was concluded, the judge took the case under consideration. Before he rendered his decision, the defendant voluntarily tendered a bond conditioned to pay the plaintiffs and others who might join with them such amounts as they might recover, after the assets of the company had been exhausted. The judge allowed this bond to be filed, and his decision showed that it affected his discretion in refusing a receiver. In *Jowers* v. *Lott & Perkins*, 96 *Ga.* 333 (23

S. E. 189), after the hearing on an application for injunction, an affidavit of forgery was received from the plaintiff, and the defendant was refused an opportunity to rebut it. In *Sylvania Water Co.* v. *Overstreet,* 124 *Ga.* 235 (52 S. E. 164), at the conclusion of the hearing of an application for injunction, the judge reserved his decision for further consideration. After this, and without notice to the defendant, he allowed the equitable petition to be amended, and affidavits to be submitted to him in support of the amendment. In *Atlantic and Birmingham Ry. Co.* v. *Mayor etc. of Cordele,* 125 *Ga.* 373 (54 S. E. 155), after an application for injunction had been heard, involving the question of requiring a change in position of certain railroad tracks, and in which there was expert evidence as to safety, the presiding judge went out and viewed the tracks and surroundings, without the consent and apparently without the knowledge or presence of counsel, or opportunity to be present or be heard in regard to the physical status which he observed, and his order showed that his own inspection affected his judgment. In *Horton* v. *Fulton,* 130 *Ga.* 466 (60 S. E. 1059), affidavits not entitled in the cause, and which strongly supported the contention of the prevailing party on the vital issue in the case, were erroneously admitted over objection.

It will be seen, that, in several of these cases, the judge heard evidence or received information after the hearing was over and without the knowledge of the unsuccessful party, or opportunity for him to overcome the effect so produced. It was in the nature of an ex parte trial of a litigant's case to that extent. In *Richmond Cotton Oil Co.* v. *Castellaw,* supra, an injunction was sought against the erection, on a railroad right of way, and occupancy of a house for the storage of cottonseed, on three grounds: that it was ultra vires, that there was a condition in the conveyance of land for railroad purposes, providing for a reversion if it was used for other purposes; and that the erection and use of the house would be a nuisance. The injunction was granted. It was held, that the plaintiffs, who were only owners or occupiers of lots in the town where the house was to be erected, had no right to obtain an injunction on the first two grounds; that the allegations as to the house being a nuisance were meagre, and not fully supported by evidence; that mere general opinions that it would be a nuisance, and a general opinion of a non-expert witness that the erection and

use of the house would be injurious to neighboring property, with-out any facts on which the opinion was based, were inadmissible; and that, under these circumstances, the admission of such evidence had persuasive force in the grant of a reversal.

In the case now before us, some of the evidence to which objection was made may have been inadmissible, but in other instances the witnesses gave sufficient facts to authorize the admission of opinions on their part. Testimony as to value necessarily involves an opinion, and is not objectionable for that reason, if the witness is shown to be an expert, or states a sufficient basis for testifying on the subject. Civil Code (1910), § 5875; *Central Railroad* v. *Wolff,* 74 *Ga.* 664 (3); *Miller* v. *Luckey,* 132 *Ga.* 581 (64 S. E. 658). In other instances, objection was made to testimony of decrease in rental value or market value, on the ground that it would not authorize the grant of an injunction. But this did not furnish a reason for rejecting the evidence, if it tended to elucidate the questions at issue. There was much legal evidence on the controlling questions, and the judge did not abuse his discretion in granting the interlocutory injunction.

Upon a careful consideration of the evidence and of the assignments of error, while there may have been some opinion evidence which was objectionable, we do not think that its admission, in connection with other legal testimony, on the interlocutory hearing, was such error as requires a reversal or the direction of a rehearing.

*Judgment affirmed with direction. Fish, C. J., absent. The other Justices concur.*