GRIFFITH *v.* CITY OF HAPEVILLE *et al.*

No. 11245. APRIL 15, 1936.

*V. E. Adams,* for plaintiff.

*H. A. Allen* and *O. J. Coogler,* for defendants.

BELL, Justice. W. R. Griffith filed a suit for injunction against the City of Hapeville and L. F. Moseley, its chief of police. The court denied an interlocutory injunction, and the plaintiff excepted. The petition alleged substantially the following: For several years the plaintiff has operated a filling-station and tourist camp in Hapeville, under a business license issued by the proper authorities of that city. He has conducted such business on a tract of land consisting of about four acres which he rented for this purpose. He has erected a number of cabins, and has purchased tents for the use of tourists; and by renting these cabins and tents, and by the sale of groceries, gasoline, and oil to his tenants and campers, he was enjoying a profitable business until he was interfered with by the city and its chief of police, as stated in his petition. In May, 1935, the city adopted an ordinance, providing that "it shall be unlawful for gypsies or other transients to stop and maintain in the City of Hapeville camps or other similar establishments on any vacant lot within the city limits," and prescribing a penalty for the violation of such ordinance. The tract of land occupied by the plaintiff is not a vacant lot, and thus does not fall within the terms of this ordinance; but the defendants have endeavored to enforce the ordinance against the plaintiff's tenants and campers, have

driven numbers of them out of his tourist camp, and have caused other tourists who would have patronized the plaintiff "to go further on down the road to stop." The plaintiff is operating a lawful business and is properly conducting it, but the defendants contrive to interfere with his customers, and will ultimately destroy his business and investment unless they are enjoined from so doing, and his damage will be irreparable. The acts of the defendants are wilful and malicious, and the plaintiff is without an adequate remedy at law. If the ordinance of the city "be so construed as to give defendants . . the right to enter petitioner's tourist camp and drive out his tenants, his campers and his customers, destroying his business, knocking him out of the rent paid by said tenants and campers and his trade with them in groceries, gasoline and oil, then said ordinance is illegal and void, is unconstitutional and is contrary to that part of the fourteenth amendment to the constitution of the United States of America, which reads: 'Nor shall any State deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws,' and is contrary to the constitution of the State of Georgia, article 1, section 1, paragraph 3, which reads: 'No person shall be deprived of life, liberty, or property, except by due process of law.'"

The defendants filed an answer admitting some of the plaintiff's allegations and denying others. They alleged, among other things, that the place of business as maintained by the plaintiff is a public nuisance, endangering the health of the community, and making the adjacent property of others less valuable; this conclusion being based upon specific allegations of fact touching the character and conduct of the plaintiff's customers. At the hearing the plaintiff introduced in evidence several affidavits to the effect that his customers were orderly, and that his business was in every way properly conducted. On the other hand, the evidence for the defendants was sufficient to show that the plaintiff constantly accepted the patronage of persons whose conduct was injurious to the health, morals, and peace of the neighborhood, and that in this way the plaintiff had allowed the place to become a public nuisance. While the judge denied an interlocutory injunction, he stated in his order that "the ordinance complained of is illegal as applied to the use made of the property in the case at bar," and there was

no exception by the defendants. In his bill of exceptions the plaintiff assigned error, not only upon the refusal of the court to grant an interlocutory injunction, but also upon the admission of certain evidence introduced by the defendants, the nature of which will be stated in this opinion.

■ This court will never pass upon the constitutionality of a statute or ordinance unless it clearly appears in the record that the point was properly made in the court below and was distinctly passed on by the trial judge. *Yarbrough* v. *Georgia Railroad & Banking Co.*, 176 *Ga.* 780 (168 S. E. 873). In the present case the judge held that the ordinance "is illegal as applied to the use made of the property." This does not show that he passed upon the constitutionality of the ordinance in question. Moreover, if he did so, the ruling was favorable to the plaintiff, who is the plaintiff in error. The order might be construed as based upon a finding that the plaintiff's property was not "vacant," and as holding therefore that the ordinance did not apply. In any view, the ruling in regard to the ordinance does not afford any ground for complaint by the plaintiff, and under the record it is unnecessary to determine any question as to the validity of the ordinance or as to its applicability to the land occupied by the plaintiff. See *Bennett* v. *Patten*, 148 *Ga.* 66 (5) (95 S. E. 690).

■ Even though the ordinance be treated as illegal, or as inapplicable, it does not follow that the plaintiff was entitled to an injunction. "When a suitor applies for equitable relief, he must come into court with clean hands with respect to the matters concerning which he asks such relief." *Tune* v. *Beeland*, 131 *Ga.* 528, 530 (62 S. E. 976); *Bagwell* v. *Johnson*, 116 *Ga.* 464 (2) (42 S. E. 732); *Deen* v. *Williams*, 128 *Ga.* 265 (3), 267 (57 S. E. 427). The evidence authorized a finding that the plaintiff had knowingly permitted the premises to be used in such a manner as to become a public nuisance; and for this reason the judge was authorized to deny the equitable relief sought by him.

■ The plaintiff objected to the introduction of affidavits executed by O. J. Coogler, W. H. Reynolds, and E. L. Adamson, judge, solicitor, and sheriff respectively, of the city court of Jonesboro, in which the affiants stated that the plaintiff's camp is located in a good residential section, and is a place "where many gypsies and other filthy appearing types of people are constantly observed prowl-

ing about said premises and elsewhere around, that some of the inmates of this camp have come to their personal and official observation, and from that they swear that said camp is a resort for the occupancy of a very low and criminal type of people who come into Clayton County in the operation of criminal practices, that on Oct. 23, 1935, they investigated the cases of [two girls named], charged with the offense of fornication, in the city court of Jonesboro, and who with their parents were residing at said Griffith gypsy camp at Hapeville, and the evidence developed showed were carrying on the criminal conduct mentioned in Clayton County, without their parents being impressed with any special evil in the matter; there was no indication on the part of the father or mother of these girls to press any serious prosecution, and from the expressions of these parents they indicated a desire to receive from the two men with their daughters the sum of $25 or less, in satisfaction of the transaction; and as the investigation further developed, there was evidence that the father and mother were agreeable to the carrying on by these girls, and condoned fornication as a trade with revenues therefrom to them." The plaintiff objected to these three affidavits "upon the ground that they consisted chiefly of mere conclusions and expressions of opinion, and were irrelevant and immaterial to the issue." The court overruled this objection, and the plaintiff excepted. These affidavits were properly admitted in evidence over the objection. They were not irrelevant, as contended; and since they did not consist entirely of "mere conclusions," the objection was insufficient in that it failed to point out any particular conclusion. Compare *Knight* v. *State*, 143 *Ga.* 678 (6) (85 S. E. 915); *Dixie Manufacturing Co.* v. *Ricks*, 153 *Ga.* 364, 370 (112 S. E. 370).

The defendants also introduced in evidence an affidavit made by Moseley, the chief of police, in which he described the type and conduct of the persons who were accustomed to camp on the plaintiff's premises. Attached to this affidavit and referred to therein was a petition signed by about thirty citizens, and addressed to the mayor and council, in the following language: "The following citizens of your city are petitioning you to take the necessary steps *immediately* to investigate the present inhabitants of all the gypsy camps in our city on South Central Avenue. We, as taxpayers and citizens, feel that the present inhabitants of these camps

are a nuisance to our community, and especially to the citizens who live adjacent to these camps. We request that you take the necessary steps at once to remove this nuisance from our community." The plaintiff objected to the admission "of said petition and signatures," upon the ground that the petition was not verified, and showed upon its face that it was not prepared and executed to be read in evidence in this case. The overruling of this objection was assigned as error.

In *Horton* v. *Fulton,* 130 *Ga.* 466 (4) (60 S. E. 1059), it was held that "where the refusal or grant of an interlocutory injunction depends upon an issue of fact, and illegal testimony strongly supporting the successful party's contention has been considered by the judge in reaching his decision, the judgment will be vacated and a new trial ordered." But that case was distinguished in the later case of *Southern Cotton-Oil Co.* v. *Overby,* 136 *Ga.* 69 (70 S. E. 664), where it was said: "The rules of evidence are not in all respects as rigidly enforced on interlocutory hearings as on final trials. It has been held that the admission of some secondary evidence, or the admission of some hearsay or opinion evidence, will not necessarily require a reversal. This arises from the difference in the method of adducing evidence on an interlocutory hearing and a final trial, and from the fact that the order or decree in the one is of an ad interim preservative character, in respect to which discretion plays a considerable part, while the judgment in the other is a final determination of the case and of the rights of the parties. On the interlocutory hearing the evidence is generally introduced by ex parte affidavits, without opportunity for cross-examination, and a responsive answer may be used as an affidavit. The two hearings involve inherent differences, and to some degree these affect a reviewing court in regard to reversing the ruling of the court below on account of the admission or rejection of evidence. *Davis* v. *Covington & Macon R. Co.,* 77 *Ga.* 322 (5) (2 S. E. 555); *Georgia Railroad & Banking Co.* v. *City of Atlanta,* 131 *Ga.* 94 (61 S. E. 1035); *Richmond Cotton-Oil Co.* v. *Castellaw,* 134 *Ga.* 472 (67 S. E. 1126); *Atlantic & Birmingham Ry. Co.* v. *Mayor of Cordele,* 128 *Ga.* 293 (2), 294 (57 S. E. 493). If some hearsay or opinion evidence were admitted, and an injunction denied, it would not follow, as a matter of course, that an injunction would be granted if such evidence were excluded. There

338

may be ample evidence to authorize the grant or refusal of an injunction, independently of such contested evidence. In such cases, if a reversal were granted, it would generally result, not in directing a contrary interlocutory judgment, but rather a new hearing, with the proper ruling in regard to the admission of evidence. Whether this will be done must depend somewhat on the nature and circumstances of the particular case and the character of the evidence admitted or rejected. If the evidence erroneously admitted or rejected was of vital or controlling character, or the ruling such that injustice probably arose from it, such erroneous ruling would furnish strong reason for a reversal. But not every error in rulings as to evidence on such a hearing will demand a rehearing. Of course we do not mean that judges have free license to admit illegal evidence on such hearings, and to make rulings vitally affecting rights of parties, in the use of a discretion resting on evidence of that character." See also *Savannah River Terminals Co.* v. *Southern Ry. Co.*, 148 *Ga.* 180, 187 (96 S. E. 257).

While the petition filed by citizens with the mayor and council was not entitled in the cause and was not verified, it did not refer in terms to the plaintiff or his camp; and even if its admission was improper, the evidence was not of such vital or controlling character that the error should be held cause for a reversal.

*Judgment affirmed. All the Justices concur.*