## KNIEPKAMP v. RICHARDS.

510

No. 13782.   JULY 8, 1941.

*Hamilton Kimzey, Herbert B. Kimzey,* and *Frank Jackson Adams Jr.,* for plaintiff.

*Charles R. Pierce* and *Joseph G. Collins,* for defendant.

JENKINS, Justice. ■ When a judge signs a certificate to a bill of exceptions, he has exhausted his power in that regard, and can

not make a supplemental certificate as to additional matter or in explanation of the bill of exceptions or its certificate, unless the case falls within the exception to this rule provided by the act of 1905 (Ga. L. 1905, p. 84; Code, § 6-810(1)). *Cordray* v. *Savannah Union Station Co.,* 134 *Ga.* 865 (68 S. E. 697); *Reynolds Banking Co.* v. *Beeland,* 142 *Ga.* 242 (82 S. E. 662); *Beck & Gregg Hardware Co.* v. *Crum,* 127 *Ga.* 94 (56 S. E. 242). The bill of exceptions, containing a brief of the evidence, having been certified by the judge on April 18, 1941, this court can not consider the matters set forth in two supplemental certificates, thirty days thereafter, for the reason that these matters do not fall within any exception of the statute, permitting a supplemental certificate where "no brief of evidence is made and filed as a part of the record, [and] there [has been] omitted any material evidence, and the judge . . has inadvertently certified [the] bill of exceptions as true," in which event this certified omitted evidence may be considered by the appellate court; and for the additional reason that the supplemental certificates were not made within the required twenty days from the date of service of the bill of exceptions. *Marshall* v. *English-American Loan &c. Co.,* 127 *Ga.* 376 (56 S. E. 449). Accordingly, the amendments entered to the original certificate, as set forth in the statement of facts, can not be considered as a part of the bill of exceptions.

■ "On the hearing of an application for an interlocutory injunction, the presiding judge should not undertake to finally adjudicate issues of fact, but should pass on such questions only so far as to determine whether the evidence authorizes the grant or refusal of the interlocutory relief;" and if an injunction is granted, it should not be made permanent. *Florida Central R. Co.* v. *Cherokee Sawmill Co.,* 137 *Ga.* 815 (6) (74 S. E. 523); *Purcell* v. *Pilgrim,* 152 *Ga.* 61 (108 S. E. 515); *Lyon* v. *Lyon,* 103 *Ga.* 747 (3) (30 S. E. 575); *Rodgers* v. *First Mutual Building & Loan Asso.,* 179 *Ga.* 147 (175 S. E. 477); Code, § 55-202.

(*a*) The trial of all causes for equitable relief, as distinguished from an interlocutory hearing, shall be at the second term after service has been perfected on all the parties. Parties to proceedings for equitable relief may, by consent, dispose of equity causes at the first term, if service has been properly perfected. Code, § 37-1102. Under the act of 1935 (Ga. L. 1935, pp. 481, 482; Ann.

Code, § 81-1003), all cases, whether at law or in equity, may be tried at the first or appearance term, provided the same is ready for trial, upon the consent of the parties, which consent shall be entered upon the docket of the court. Without such consent, thus duly entered, a final decree can not be entered at an interlocutory hearing. *Rosenberg* v. *Wilson*, 154 *Ga.* 625 (2) (115 S. E. 7).

(*b*) This case arose on a petition by a former husband against his former wife to enjoin her from preventing him from seeing their child during the period in which the custody of the child was awarded by the divorce decree to the mother, and on her answer and cross-petition against the father to enjoin him from visiting the child and to obtain sole and permanent custody of the child. The divorce decree awarded the custody first to the wife for a stated period, then to the husband for six months, and then for the same lengths of time alternately to the wife and husband. After the setting of the present case for interlocutory hearing, it was heard at the appearance term, at chambers, out of the county where the suit was pending, and without other evidence than the sworn pleadings, affidavits, and copies of instruments and court proceedings. No consent by the parties appearing that the hearing should be a final trial, and the restraining order as amended and recitals in the bill of exceptions showing that there was only an interlocutory hearing under evidence appropriate only to such a hearing, the exceptions of the former husband to the adverse judgment will be determined on the basis that the hearing was interlocutory.

■ Under the Code, §§ 30-127, 30-206, 30-213, in all divorce suits, as well as suits for alimony without a divorce, the judges of the superior courts are empowered to determine, not only who shall be entitled to the care and custody of the minor children pending the litigation, but they are empowered to provide for their permanent custody thereafter. *Shipps* v. *Shipps*, 186 *Ga.* 494 (198 S. E. 230) ; *Hudgins* v. *Hudgins*, 182 *Ga.* 493 (2), 494 (185 S. E. 870). Nothing to the contrary was held in *Keppel* v. *Keppel*, 92 *Ga.* 506 (17 S. E. 976), where jurisdiction to award the custody of children was invoked only under the power given by the divorce and alimony statutes to determine custody in such cases, and was denied because the case had terminated without the grant of a divorce.

518

■ Under the preceding rulings, and since the court had acquired equitable jurisdiction of the parties and the cause by virtue of the equitable averments and prayers, it retained jurisdiction for all related purposes as made by the pleadings. Code, § 37-122; *Wimberly* v. *Ross,* 152 *Ga.* 258 (5) (109 S. E. 500); *Mitchell County* v. *Hudspeth,* 151 *Ga.* 767 (1, *a*) (108 S. E. 305); *Duke* v. *Duke,* 181 *Ga.* 21, 22 (181 S. E. 161). See 46 C. J. 1249, § 24. At the interlocutory hearing the judge was authorized to decide as to the grant or refusal of an interlocutory injunction, and as to the temporary custody of the child pending the final determination of the cause. However, in the absence of such consent, properly entered, the judge was not authorized to grant a permanent injunction or make a final award of custody. Since the decision under review is not one merely changing the custody of a child, with nothing more, but primarily involves the grant of an injunction in an equitable proceeding, in which custody was only an incident though essential question, and all questions were tried by evidence appropriate only to an interlocutory hearing, it is unnecessary to decide whether a final award of custody could have been made on such evidence and at such a hearing, if the case had involved custody alone.

■ Whether this court will review an award of the custody of a minor child on a fast writ of error under the Code, § 6-903, taken to an order granting an injunction or temporary alimony, depends on whether the right of custody is an essential or material question in a proper determination of such other question. If the award of custody has no direct bearing upon the determination of the other question, no such review of the award can be had. *Fulenwider* v. *Fulenwider,* 188 *Ga.* 856 (5 S. E. 2d, 20); *Thompson* v. *Thompson,* 124 *Ga.* 874 (53 S. E. 507); *Hall* v. *Hall,* 185 *Ga.* 503, 504 (195 S. E. 731). If, however, as in the instant case, the question as to the proper custody of the child materially affects the other question, such a review may be had. See *Horton* v. *Horton,* 170 *Ga.* 766 (4), 769, 770 (154 S. E. 365); *Ingram* v. *Trustees of Mercer University,* 102 *Ga.* 226 (29 S. E. 273); *Martin* v. *Trustees of Mercer University,* 98 *Ga.* 320 (25 S. E. 522).

■ "In all cases where the custody of any minor child or children is involved between the parents, there shall be no prima facie right to the custody of such child or children in the father, but the

court hearing such issue of custody may exercise its sound discretion, taking into consideration all the circumstances of the case, as to whose custody such child or children shall be awarded, the duty of the court being in all such cases in exercising such discretion to look to and determine solely what is for the best interest of the child or children, and what will best promote their welfare and happiness, and make award accordingly." Code, §§ 74-107, 50-121, 30-127; *Pruitt* v. *Butterfield,* 189 *Ga.* 593 (6 S. E. 2d, 786); *Lockhart* v. *Lockhart,* 173 *Ga.* 846, 852 (162 S. E. 129).

(*a*) However, "A decree of divorce in which the custody of a child is awarded to [one of the parents] is conclusive as between the parties to such decree as to the right of [that parent] to the custody of the child, unless a change of circumstances affecting the welfare of the child is shown." *Shields* v. *Bodenhamer,* 180 *Ga.* 122 (178 S. E. 294); *Sells* v. *Sells,* 172 *Ga.* 911 (159 S. E. 237).

(*b*) "A decree of divorce, awarding the custody of the children of the parties, rendered by the court of another State having jurisdiction of the subject-matter and of the parties, shall be given full effect in this State. . . But such decree can not anticipate changes which may occur in the condition of the parents, or in their character and fitness for the care of their children." *Brandon* v. *Brandon,* 154 *Ga.* 661 (3), 666 (115 S. E. 115); 17 Am. Jur. 522, 523, § 688. Accordingly, where, in a proceeding in this State involving the custody of a child, a change is shown in the circumstances of the parties materially affecting the welfare of the child, since the foreign decree, the court in the exercise of a sound discretion may protect such welfare accordingly, the same as where there has been such a change since a decree rendered in this State. See *Drake* v. *Drake,* 187 *Ga.* 423, 429 (1 S. E. 2d, 573), and cit. Where the mother and child now reside in this State, and where the father filed his petition in a superior court of this State for injunction against the mother, the court would be authorized, if there was competent evidence of a change in the condition of the parties since the decree, materially affecting the child's welfare, to make a new award of custody. Especially would this be true where, as here, the express terms of the Florida decree provided that "the custody of the child of said marriage . . is awarded to the plaintiff [mother] until the 1st day of May, 1941, and is then awarded for six months to the defendant [father], and thereafter,

so far as may be practical, each parent shall have alternate six months custody," but "that if conditions change and this provision does not meet the needs of the child, his best disposition and welfare shall be open to further order of this court, or, if not within this jurisdiction, shall be open to further order of a court of the vicinage."

■ The evidence at the interlocutory hearing was limited to the sworn pleadings, affidavits, and copies of instruments and court proceedings. The evidence for the defendant consisted of her sworn answer with exhibits. There was no objection to its admission for insufficiency of verification; and there is now merely a contention, under general exceptions to the interlocutory order, that it is not supported by evidence. The affidavit is that the defendant "has read the foregoing answer, and that the facts therein alleged on information and belief are verily believed to be true, and that the facts alleged upon her own statements are true to the best of her knowledge and belief." The answer as thus sworn to was not without probative value, since it showed on its face what facts were alleged on information and what essential facts were alleged as her own statements. The case thus falls within the principle applied in *Harper* v. *Whitehead, 33 Ga.* 138 (5). It is to be distinguished from the rule in *Byrd* v. *Prudential Insurance Co., 182 Ga.* 800 (*a, b*) (187 S. E. 1), and *Hone* v. *Moody, 59 Ga.* 731, where the affiant swore to nothing of his own knowledge, and entirely on "information and belief" or "his belief." It is also distinguished from the rule in *Landes* v. *Globe Planter Mfg. Co., 73 Ga.* 176, 183; *Bailey* v. *Bailey, 90 Ga.* 435 (16 S. E. 90), *Sasser* v. *Olliff, 91 Ga.* 84 (3) (16 S. E. 312), and *Grizzel* v. *Grizzel, 188 Ga.* 418 (2), 422 (3 S. E. 2d, 649), where the affidavit was held insufficient because it in no wise alleged, nor was it ascertainable, which of the essential facts were and which were not within the affiant's knowledge, and thus failed to show that the affiant knew any fact of her own knowledge. See generally *Herring* v. *State; 119 Ga.* 709, 717 (46 S. E. 876); *Brinkley* v. *Bell, 131 Ga.* 226 (2) (62 S. E. 67); *Bull* v. *Carpenter, 32 Ga. App.* 637, 639 (124 S. E. 381); 1 Am. Jur. 950, 951, §§ 23, 24; 2 C. J. S. 980-982, § 26. Especially will the judgment in favor of the defendant not be reversed, where no question as to the verification was raised in the trial court, or is attempted now to be raised save under the

general exceptions. See, in this connection, *Southern Cotton-Oil Co.* v. *Overby,* 136 *Ga.* 69, 70 (70 S. E. 664).

■ Since, on an inquiry as to the custody of a child after a previous divorce decree, only evidence showing a change of conditions would be material, evidence as to former finances, alleged misconduct, or character and temperament, all existing before the decree, ordinarily would be incompetent. The special demurrers attacking such portions of the sworn answer as to facts and conditions subsisting at the time of the decree should have been sustained.

However, the sworn allegation of the answer, setting up that after the Florida divorce decree the mother had married a man who was able to furnish and who was furnishing to the child a happy home environment, which the child had previously lacked, and that the child was thus happily situated with persons devoted to his welfare, was not subject to demurrer as irrelevant. The same rule would obtain with respect to the averments of the mother, that, although the father was a naturalized citizen of the United States, he had retained the strong Prussian sympathies of his birthplace, and evidenced violent un-American antipathies, which he had continuously manifested in his conversations and treatment of the mother and child. Even though these allegations may have related to a situation and condition existing at the time of the original decree, averments and evidence of such facts would not be irrelevant, since a situation that might not then have been deemed of vital importance to the welfare of the child may have become so, in view of subsequent Congressional legislation, of which this court and the trial judge may take judicial notice, acutely affecting the relation of this country and Germany.

■ "In hearings on interlocutory injunction, the rules of evidence are not in all respects as rigidly enforced as on final trials. In such cases the admission of some secondary, hearsay, or opinion evidence will not necessarily require a reversal." *State Highway Board* v. *Baxley,* 190 *Ga.* 292 (2) (9 S. E. 2d, 266) ; *Southern Cotton-Oil Co.* v. *Overby,* supra; *Griffith* v. *Hapeville,* 182 *Ga.* 333 (4), 337 (185 S. E. 522) ; *Savannah River Terminals Co.* v. *Southern Ry. Co.,* 148 *Ga.* 180, 187 (96 S. E. 257). The same principle will apply where the judge may have admitted some irrelevant or hearsay evidence which should have been stricken on special demurrer and objection. In such a case the erroneous overruling of

grounds of special demurrer, attacking averments as to the former husband's misconduct, financial transactions with the defendant, temperament, and habits of sobriety, which were irrelevant as relating to events occurring before the divorce decree, will not necessitate a reversal of the judgment. The same can properly be said of the erroneous failure to sustain the special grounds of demurrer and exceptions, attacking as hearsay averments contained in unidentified attached newspaper clippings, relative to alleged German Gestapo activities, in one of which clippings the name of the plaintiff appeared among the persons injured in a bomb explosion. These alleged events, even though they would be relevant under the rules stated if properly proved, regardless of whether they occurred before or after the divorce decree, which does not clearly appear, were insufficiently alleged and proved, and for that reason should have been excluded as unidentified hearsay.

■ Under the preceding rulings, the judge did not abuse his discretion in granting an interlocutory injunction in favor of the mother and in awarding her the temporary custody of the child. Although the court had no power at the interlocutory hearing to grant a permanent injunction and a permanent award of custody, this does not necessitate a reversal of the judgment, founded as it was upon sufficient valid evidence; except that direction is given that the order be so changed as to be operative only until the final hearing, or the further order of the court, as to both matters. See *Oostanaula Mining Co.* v. *Miller,* 145 *Ga.* 90 (*c*) (88 S. E. 562); *Triumph Ice Machine Co.* v. *Sandersville Ice Co.,* 147 *Ga.* 468 (2) (94 S. E. 576); *Southern Cotton-Oil Co.* v. *Overby,* supra.

*Judgment affirmed, with direction. All the Justices concur.*