## Merigan v. McGonigle, Appellant.

205     321
220     ²238

*Gift—Deposit in savings bank—Passbook—Intent—Evidence.*

If a trust created by deposit in a savings bank is otherwise complete and in existence at the death of the trustee, there is no good reason why it should be defeated because there is no affirmative evidence that the donee had notice of it during the life of the settlor.

A savings fund society required that deposits made by one person for the benefit of another person should be expressed to be " in trust." Another rule limited the deposits of any person during one year to $300. A person who had already a deposit in her own name opened a deposit " in trust " for her niece who had been a member of her family from child-

hood. The niece did not know of the deposit, and the aunt retained possession of the pass book until her death. For nine years the aunt deposited $300 each year in the trust deposit. In an action between the niece and the executor of the aunt as to the ownership of the deposit, there was evidence that the aunt had said that " she had taken out a book " in the niece's name at the bank, and declared that the money was the niece's, and was deposited for her. *Held,* that a verdict and judgment in favor of the niece should be sustained.

The declarations of a depositor made at the time of opening an account with a bank are evidence of his intention in making the deposit.

Argued Jan. 21, 1903. Appeal, No. 104, Jan. T., 1902, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1900, No. 256, on verdict for plaintiff in case of Mary A. Merigan v. John McGonigle, Executor of Mary Fitzgerald, Deceased. Before MITCHELL, DEAN, FELL BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit to determine the ownership of a deposit in a savings bank. Before BEITLER, J.

At the trial it appeared that Mary Fitzgerald, a widow, aged about sixty years, in August, 1889, opened an account with the Philadelphia Saving Fund Society, in her own name, by depositing the sum of $300 in cash. On December 13, 1889, she also opened an account with the same saving fund by depositing the sum of $300, and marked the account " In trust for Mary Agnes Fitzgerald." At the time she was the stepmother of Ellen Fitzgerald and Mary Fitzgerald, and acted in the relation of mother to Mary King, a niece, known as Mary Agnes Fitzgerald, and Mary Hyland. All five of these parties lived in the same house, and the same was managed and supported by Mary Fitzgerald, the elder. She further deposited in said accounts the sum of $300 each year (excepting the year 1891) up to and including the year 1897. These deposits as made each year were made in both accounts on the same day. There were no withdrawals in the accounts, and the other items therein consisted of the yearly allowance of interest.

Mary Fitzgerald, the elder, died June 9, 1899, and during the whole of her lifetime kept possession of the bank books of these accounts. Under the rules of the saving fund society not more than $300 may be deposited in one year in any one account.

Mr. Loughlin stated that he offers to prove by Ellen Mc-Dougall that she had conversations with Mrs. Fitzgerald after this account was opened, wherein Mrs. Fitzgerald stated to her that the purpose of her account was to obtain double interest.

Objected to on the ground that there is no testimony that at the time the alleged conversations were had the plaintiff was present, and upon the second ground that a trust having been created could not be revoked by any such conversations. [3]

Counsel then stated that the offer was to be followed up by other evidence, showing that at no time was the deposit book ever handed to the plaintiff in this case, and that she obtained possession of it after the death of this decedent.

Objection sustained. Exception to defendant. [4]

Mr. Loughlin also offers in evidence the will of Mary Fitzgerald.

Objected to as irrelevant. Objection sustained. Exception to defendant. [5]

Mr. Loughlin states that he desires to supplement the offer by producing the orphans' court record to show that Mrs. Merigan participated in the distribution of this estate under the executor's account.

It is admitted that the plaintiff in this case receipted for an equal portion of the estate of Mary Fitzgerald willed to her as Mary King.

The court refused binding instructions for defendant. [2]

*Errors assigned* were (2) above instructions, quoting it; (3–5) rulings on evidence, quoting the bill of exceptions.

*Joseph P. McCullen,* with him *Crawford & Loughlin,* for appellant, cited : Brabrook v. Boston Five Cent Savings Bank, 104 Mass. 228; Clark v. Clark, 108 Mass. 522; Welch v. Henshaw, 170 Mass. 409 (49 N. E. Repr. 659) ; Sherman v. New Bedford Savings Bank, 138 Mass. 581 ; Parkman v. Suffolk Savings Bank, 151 Mass. 218 (24 N. E. Repr. 43) ; Keniston v. Mayhew, 169 Mass. 166 (47 N. E. Repr. 612), Bartlett v. Remington, 59 N. H. 364; Moore v. Moore, Law Rep. 18 Eq. Cases, 474; Gaskell v. Gaskell, 2 Younge & Jervis, 502.

*F. B. Bracken,* for appellee, cited : Smith's Est., 144 Pa. 428 ;

Martin v. Funk, 75 N. Y. 134; Weaver v. Emigrant, etc., Savings Bank, 17 Abb. N. C. (N. Y.) 82; Marie v. Bailey, 95 N. Y. 206.

OPINION BY MR. JUSTICE MESTREZAT, April 20, 1903:

In August, 1889, Mary Fitzgerald, a widow, opened an account in her own name with the Philadelphia Saving Fund Society and deposited $300. On December 12, 1889, she deposited a like sum with the society in the name of " Mary Fitzgerald, in trust for Mary Agnes Fitzgerald." Annually thereafter up to 1897, except the year 1891, Mrs. Fitzgerald deposited at the same time a similar amount to the credit of each account. The annual interest of the deposits was added to the accounts. A rule of the society limits the deposits of any person during one year to $300. When Mrs. Fitzgerald opened her account she was given a pass book containing the rules and regulations governing deposits made with the society, and she was required to signify her assent to the rules and regulations by signing the book. Rule four is as follows: " Every deposit made by one person for the benefit of another person shall be expressed to be ' in trust ' or stating the fiduciary capacity in which the depositor is acting as ' executor,' etc., and no deposit shall be received, or expressed to be received, from one person ' by ' another person or by one person ' for ' another person."

At the time these deposits were made, the members of Mrs. Fitzgerald's household were herself, her two stepdaughters and her two foster daughters, Mary Hyland and Mary King. The latter was the niece of Mrs. Fitzgerald's husband and was taken into her family when quite young and remained there until her aunt's death. She assumed, and was known by, the name of Mary Agnes Fitzgerald, and was the cestui que trust of the fund deposited with the society.

Mrs. Fitzgerald died June 9, 1899, without having withdrawn from the society any part of the money she had deposited in trust for Mary Agnes Fitzgerald, and leaving it all there as she had deposited it, in her own name as trustee. She retained possession of the pass book until her death. Mrs. Fitzgerald's executor and the cestui que trust both claimed the fund, and the latter having brought suit, the society took a rule to compel the parties to interplead. The rule was made

absolute and an issue was framed to determine the ownership of the fund, in which Mary Agnes Fitzgerald, now Mary A. Merigan, was plaintiff, and Mrs. Fitzgerald's executor was defendant. The trial of the issue resulted in a verdict and judgment for the plaintiff, and the defendant has taken this appeal. The cestui que trust is the appellee.

The appellant alleges that the court below erred in not directing a verdict for the defendant and in refusing to admit certain testimony offered by the appellant to show the declarations of Mrs. Fitzgerald after the account had been opened as to her purpose in making the deposit in trust for Mary Agnes Fitzgerald. It is contended by the appellant that the question of Mrs. Fitzgerald's intent in making the deposit was not fairly submitted to the jury; and that if it was, the intent was not consummated and the trust was not executed.

The question of intent, we think, was properly and fairly left to the jury. At least, we are confident that the appellant has no just ground of complaint of the court's action in that respect. The account stood upon the books of the bank and upon the pass book in trust for Mary Agnes Fitzgerald, and though the pass book had not been delivered to the cestui que trust, she was prima facie entitled to the fund on the death of the depositor: Gaffney's Estate, 146 Pa. 49. When Mrs. Fitzgerald made the deposit, the rule of the society, of which she had knowledge and to which she assented, disclosed to her the proper form of a deposit when made " for the benefit of another person." She adopted that form in depositing the fund in controversy. In addition to these facts, it appears from the testimony that during the time these deposits were being made, Mrs. Fitzgerald said that " she had taken out a book" in the appellee's name at the bank and declared that the money was the appellee's and was deposited for her. The facts thus disclosed by the testimony considered in connection with the relations existing between the parties, were amply sufficient to justify their submission to the jury on the question of the intent to create a trust in favor of the appellee. While the learned trial judge submitted this question to the jury, there was no evidence that would have warranted a finding in favor of appellant. It appeared that Mrs. Fitzgerald had an individual, as well as a trust, account with the Philadelphia Saving Fund

Society, and from that fact appellant argued that she desired to deposit beyond the amount limited to any one person and for that purpose she had one of the accounts entered in trust for the appellee. The court left the fact with the argument to the jury on the question of Mrs. Fitzgerald's intent in making the deposit. The evidence was little more than a scintilla and could not prevail against the admitted facts disclosing a contrary purpose. It is clear that the question of the intention of the donor in making the deposit was, under the evidence, for the jury, and was not submitted in a manner prejudicial to the appellant.

The declarations of the depositor made at the time the account was opened with the bank and hence part of the res gestæ, were evidence of her intention in making the deposit. They were clearly competent: Sayre v. Weil (Ala.), 15 L. R. A. 544; Connecticut River Savings Bank v. Albee (Vt.), 33 Am. St. Rep. 944; Mabie v. Bailey, 95 N. Y. 206. But the subsequent declarations of the depositor against the interests of the cestui qui trust were not competent to invalidate the trust: Scott v. Berkshire County Savings Bank, 140 Mass. 157; Connecticut River Savings Bank v. Albee, supra. The same rule would exclude as evidence the will of Mrs. Fitzgerald, by which she gave her property in equal shares to her two stepdaughters and to her two foster daughters. But the competency of this testimony need not be determined. Its rejection by the court did the appellant no harm, as it was admitted on the trial that after Mrs. Fitzgerald's death, the appellee received her equal share of the decedent's estate.

The case at bar is not distinguishable from Gaffney's Estate, supra. There Hugh Gaffney boarded with Polly McKim, a widow, from 1881 until his death in 1888. By his will he gave her a legacy. At the time of his death he had two accounts with a savings bank, one in his own name and the other in the name of "Hugh Gaffney, Trustee for Polly McKim." His executors claimed and obtained from the bank the money deposited in the trust account. On the settlement and distribution of the decedent's estate, however, it was awarded to the cestui que trust. The pass book was found in the possession of Mrs. McKim after Gaffney's death. It was there, as here, claimed that Gaffney's only object in depositing the money in

a trust account was to increase his deposit in the bank over the limit allowed to one person. But as here, the only evidence to support that theory was the fact that the depositor had opened two accounts in the bank. It was held that a valid trust was created, and on the death of Gaffney the cestui que trust was entitled to the deposit. Chief Justice PAXSON delivering the opinion said: " Granted there was no direct evidence of a gift, there is evidence of a trust. This appears upon the face of the bank book, as well as upon the books of the bank. . . . In the case in hand, Hugh Gaffney made this deposit in his name as trustee for Polly McKim, and the deposit so stood at the time of his death. An argument was based upon the allegation that he had never delivered the deposit book to Polly McKim. This, however, was not necessary, as it would have been in the case of a gift inter sese. . . . We have, then, the case of a deposit on the books of the bank of a sum of money in the name of Hugh Gaffney, trustee for Polly McKim. This makes out at least a prima facie case for the appellant. Upon the face of the bank book the money belonged to Polly McKim, and there is not sufficient upon the record to rebut this presumption. This money should have been awarded to the appellant. "

Here the account, when opened with the society, was entered upon its books and upon the pass book of the depositor in the name of " Mary Fitzgerald, in trust for Mary Agnes Fitzgerald." With a single exception this fund was increased by an annual deposit of a like sum for nine years. There is not a particle of evidence to show that Mrs. Fitzgerald had made the deposit for any other purpose than that disclosed by the books of the bank. She lived ten years after she opened the account and expressed no desire to withdraw the money and apply it to her own use, and made no attempt to revoke the trust she had created for the appellee. Retention of the pass book by the depositor is not, under the circumstances here, decisive against the validity of the trust: Martin v. Funk (N. Y.), 31 Am. Rep. 446; Atkinson's Petition (R. I.), 27 Am. St. Rep. 745; Smith v. Bank (N. H.), 10 Am. St. Rep. 400; Connecticut River Savings Bank v. Albee, supra. Its possession was necessary, as in other cases of a deposit by a trustee, in order to enable the depositor to perform her duties as trustee of the fund deposited. Without any-

thing disclosing a contrary intention, it will be presumed that she retained the book as trustee, and not in her individual capacity. The trust account was not a single transaction, but was composed of deposits made at intervals for a period of nine years. It was, therefore, necessary for the depositor to retain the pass book that the various sums might from time to time be entered in it. And each deposit by Mrs. Fitzgerald entered in that book was not only a declaration of a trust as to the sum thus deposited, but a recognition of the trust created by former deposits. These were acts which, unrebutted, aided in fastening a trust upon the fund and in disclosing the intention of Mrs. Fitzgerald that the appellee should be the beneficiary owner of it.

If a trust created by a deposit in a savings bank is otherwise complete and in existence at the death of the trustee, we can see no good reason why it should be defeated because there is no affirmative evidence that the donee had notice of it during the life of the settlor. This is in effect decided in Gaffney's Estate, supra, and is so held by the courts of other states: Connecticut River Savings Bank v. Albee, supra; Ray v. Simmons (R. I.), 23 Am. Rep. 44; Mutual Insurance Co. v. Deale (Md.), 79 Am. Dec. 673; Minor v. Rogers (Conn.), 16 Am. Rep. 69; Martin v. Funk, supra. We, therefore, do not think that the claim of the cestui que trust to the fund in controversy can be defeated by reason of the fact that the evidence fails to show that she had knowledge of the creation of the trust before the death of the depositor.

We are aware that the Massachuetts decisions are in apparent conflict with the rule here recognized as to the effect of the retention of the pass book by the depositor and the failure to give notice of the trust to the donee in cases of this character, but it is sustained by the New York cases and by the great weight of authority elsewhere in this country.

The assignments of error are overruled and the judgment is affirmed.