Greiner's Estate.

*Charles G. Gartling,* for exceptant.
*H. Lawton Russell* and *George S. Russell,* contra.

Gest, J., Jan. 30, 1931.—We entirely agree with the adjudication in which the Auditing Judge dismissed the claim of Jean M. Ogilvie to the savings fund deposit in dispute, but, as the supplemental exceptions filed by her raised the question of jurisdiction which was not considered by the Auditing Judge, we deem it advisable to write an opinion which otherwise might not be necessary.

The case must be considered in the light of the facts as they existed when the decedent died. There was then on deposit with the savings fund $2360.86, which the testimony clearly showed was derived from the rents belonging to the decedent and collected for her by her agent. As the decedent was nearly ninety years of age and physically unable to visit the savings fund office, an employee of the real estate agent, after some indefinite conference with the decedent, went with Jean M. Ogilvie, her daughter, to the savings fund, where the money was deposited in the name of Jean M. Ogilvie in trust for Elizabeth Greiner. The form of the deposit seems to have originated with the agent's employee. The deposit book remained in the custody of Gayley, the real estate agent, until the death of the decedent, when it was withdrawn by Jean M. Ogilvie and Gayley, who was the executor of the decedent, and transferred to a new account in the name of Samuel M. Gayley under the will of Elizabeth Greiner, deceased, in trust for Jean M. Ogilvie. The form of this deposit, which is open to criticism, obviously cannot affect the rights of the parties to the deposit. In his account the executor entered short the amount of the deposit, with a note that it was claimed by Jean M. Ogilvie as a gift from the decedent.

Testimony was produced by the claimant to show that the money should be awarded to her, but the strongest testimony was the declaration of the dece-

dent that she "had money in the saving fund and if anything happens to me it is Jennie's," and this, if it amounts to anything, was nothing more than a testamentary gift by parol. Nor was there any substantial testimony to show a gift *inter vivos*. There was no transfer or delivery of the account to Mrs. Ogilvie, nor was the deposit book given to her. There was no title whatever vested in the claimant by any act of the decedent.

As we view the case, there was no substantial dispute which would require or justify the granting of an issue to the court of common pleas. The deposit in the savings fund was clearly on its face the property of the decedent under the decisions: Woodward's Estate, 14 D. & C. 363; Gaffney's Estate, 146 Pa. 49; Merigan *v.* McGonigle, 205 Pa. 321; and, there being no evidence to show that it was the property of the claimant, the executor was entitled to it and chargeable with it.

It is, therefore, apparent that the court had undoubted jurisdiction of the subject-matter of the contest. The cases cited by the learned counsel for the exceptant have no application as in Cutler's Estate, 225 Pa. 167, where the securities which were the subject of the dispute were not in the possession of the decedent when he died and were claimed under an alleged gift *inter vivos*, or, as in Blaszcak's Estate, 90 Pa. Superior Ct. 589, where the decedent in her lifetime, and over a year before her death, authorized the withdrawal of her savings bank deposits by the appellant, who actually received the money and claimed to hold it as a gift. These and other cases were recently reviewed by us in Byer's Estate, 10 D. & C. 721, so that the exceptions do not merit further discussion.

The exceptions are dismissed and the adjudication confirmed.