## Frankenfield's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, and Bok, JJ., and Marx, P. J., twenty-third judicial district.

190

192

*Ellis Rudman,* for exceptant.

*Walter I. Summerfield,* contra.

Bok, J., March 25, 1937.—We feel that the auditing judge was clearly right in holding that this case is governed by Scanlon's Estate, 313 Pa. 424, and Pozzuto's Estate, 124 Pa. Superior Ct. 93. The fund was carried in decedent's name in trust for her granddaughter, it was so entitled at her death, and her will makes no mention of it whatever. Exceptant does not contend that there was an act of revocation.

He seeks, however, to explain away by oral testimony the trust characteristics of the arrangement, which he maintains was simply a device employed by decedent to forestall her daughter, with whom she was apparently on unfriendly terms. We agree with the auditing judge that decedent's conversations with the witnesses are not competent to invalidate or terminate the trust: Merigan v. McGonigle, 205 Pa. 321.

We do not feel that this testimony is of the kind or quality contemplated by the rule in Scanlon's Estate or in the A. L. I. Restatement of Trusts. It was not shown to be contemporaneous with the deposits, it was not made to any party in interest, and it is adverse to the interests of a ward of this court. If any kind of evidence is to be admitted to show that no trust was intended, in face of actions to the contrary, the rule would be an easy vehicle for fraud. We feel it is not sufficiently clear and not sufficiently related to the essentials of the case to be permitted the effect contended for by exceptant. At one time the witness, Mrs. Mearig, said that decedent made one of her no-trust statements concerning the account before 1925, whereas it was not opened until 1927. It might also be observed that if decedent had intended to keep her daughter in ignorance of what money she had she chose a curiously technical way of doing it; further, that her

will was drawn in the office of the bank where the savings account was, and the card covering the account was made out entirely by the bank's employes, save only her signature.

We are unwilling to strike down by such testimony what is otherwise a good tentative trust.

The exceptions are dismissed and the adjudication is confirmed absolutely.

Our attention has been called to the fact that accountant's commission is based upon the whole inventory, of which the disputed fund is a part. In view of our conclusion regarding the fund, it is not a part of decedent's estate and should therefore not be used as a basis for the calculation of commissions. Accountant is surcharged with commissions charged on $2,702.05.

This opinion was written by Judge Bok before he resigned from this court, and is concurred in and adopted by the court.