WILDER *v.* HOWARD *et al.,* executors.

No. 12859.   July 11, 1939.

428

*Waldo DeLoache* and *J. O. Gibson,* for plaintiff in error.
*James A. Branch* and *Thomas A. Branch Jr.,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) The question presented by this record is whether or not the fact that a deposit was made by Mrs. D. R. Wilder in the Georgia Savings Bank & Trust Company in her name as trustee for Alice Frances Wilder is sufficient to show an intention to create a trust. This exact question has not been decided by this court, and the decisions of the courts of other jurisdictions are somewhat at variance. According to some decisions, the mere fact, standing alone, that a deposit was made by one person in trust for another, creates a presumption that an irrevocable trust was intended, and, unexplained, is conclusive in establishing such trust as of the time the deposit was made, thus invalidating any subsequent dealings by the depositor with the funds deposited, except in his capacity as trustee. See Sayer v. Weil, 94 Ala. 466 (10 So. 546, 15 L. R. A. 544); Milholland v. Whalen, 89 Md. 212 (43 Atl. 43, 44 L. R. A. 205); Connecticut River Savings Bank v. Albee, 64 Vt. 571 (25 Atl. 487, 33 Am. St. R. 944); Hoboken Savings Bank v. Schwoon, 62 N. J. Eq. 503 (50 Atl. 490); Merigan v. McGonigle, 205 Pa. St. 321 (54 Atl. 994). The weight of authority, however, supports the doctrine that the mere fact of such a deposit, standing alone, does not establish an irrevocable trust, but a tentative trust merely, which is revocable at the will of the depositor until he dies or completes his gift in his lifetime by some unequivocal act or declaration showing an intention to create the trust. Cummings v. Bramhall, 120 Mass. 564; Scrivens v. North Easton Savings Bank, 166 Mass. 255 (44 N. E. 251); Cleveland v. Hampden Savings Bank, 182 Mass. 110 (65 N. E. 27); Marcy v. Amazeen, 61 N. H. 131 (60 Am. R. 320); Cunningham v. Davenport, 147 N. Y. 43 (41 N. E. 412, 32 L. R. A. 373, 49 Am. St. R. 641); People's Savings Bank v. Webb, 21 R. I. 218 (42 Atl. 874); Re Totten, 179 N. Y. 112 (71 N. E. 748, 70 L. R. A. 711, 1 Ann. Cas. 900). While there are other decisions holding that such a deposit, standing alone, creates neither a tentative nor an irrevocable trust (Brabrook v. Boston Five Cents Savings Bank, 104 Mass. 228, 6 Am. R. 222; Clark v. Clark, 108 Mass. 522), in 7 Am. Jur. 309, § 438, the conflict of decisions on this question is recognized, and it is asserted that the weight of authority supports the doctrine that such a deposit, standing alone, establishes a tentative trust, which is revocable at the will of the depositor until he dies or completes the gift by some

unequivocal act or declaration showing that the creation of a trust was intended.

In 65 C. J. 293-294, § 68, it is said: "In some jurisdictions, while it is recognized that a trust in respect of a deposit in bank which is absolute and irrevocable by the donor or depositor may be created, the courts have recognized so-called tentative trusts in respect of such deposits in cases in which usually, if not always, saving deposits or accounts are involved. Whether the trust is tentative or irrevocable depends on the intention of the depositor or donor, determinable as a question of fact. Where the foregoing distinction is recognized, in general a deposit by one person of his own money in his own name as trustee for another, standing alone, creates merely a tentative trust, revocable at the will of the depositor during his lifetime, becoming absolute and irrevocable on the death of the depositor before the beneficiary without revocation or some decisive act or declaration of disaffirmance, and entitling the beneficiary to the balance remaining at the time of the depositor's death, but not to anything more than such balance." In 9 C. J. S. 1418, § 995, it is said: "Where a deposit is made in the name of the depositor as trustee, the fund presumably belongs to the cestui que trust; but this presumption may be rebutted by evidence showing that the money was that of the depositor who had no intention of giving it to the person named as cestui que trust." In American Law Institute's Restatement of the Law of Trusts, 183, § 58, comment (b), it is said: "A tentative trust of a savings deposit in a bank can be revoked by the depositor at any time during his lifetime, by a manifestation of his intention to revoke the trust. No particular formalities are necessary to manifest such an intention. If he withdraws any part of the deposit during his lifetime, the withdrawal operates as a revocation of the trust to the extent of such withdrawal, and the beneficiary will be entitled only to the amount remaining on deposit at the death of the depositor." It is further stated that if the beneficiary should die before the depositor dies, the trust is terminated, although the depositor should subsequently die without manifesting an intention to revoke the trust; and that such a trust can be revoked by the depositor by his will, if he makes a disposition of his property which can not be carried out without using the deposit.

Defendants in error contend that because of the facts that tes-

tatrix gave plaintiff in error no notice of the deposit, retained the pass-book in her own possession, and made withdrawals from and additions to the deposit, any intent to create a trust is disproved. In 65 C. J. 290, § 65, it is said: "While the fact that the depositor retains possession of the bank-book may, under certain circumstances, show an absence of intention to create a trust, retention of the book or the certificate of deposit, his making subsequent deposits in the account, his retention of the power of withdrawal, or his subsequent withdrawals of deposits or interest, does not necessarily prevent the existence of a trust, or destroy a trust duly executed; such retention of the pass-book, subsequent deposits, or withdrawals of deposits or interest, may be consistent with the existence of a trust." In the instant case, the beneficiary was a minor at the time the deposit was made and during the life of the depositor. It was therefore natural and proper that the bank book should not be delivered to her and should be retained by the trustee. In 7 Am. Jur. 310, § 439, it is said: "As regards the creation of a savings-bank trust, retention of the bank-book or pass-book is consistent with any aspect of the transaction, for of course the book would be retained when no trust was intended, and when a trust was intended the book might be retained by the depositor in the character of trustee of the trust created by himself without parting with the legal title to the fund." In American Law Institute's Restatement of the Law of Trusts, § 58, it is said: "Where a person makes a deposit in a savings account in a bank in his own name as trustee for another person, intending to reserve a power to withdraw the whole or any part of the deposit at any time during his lifetime and to use as his own whatever he may withdraw, or otherwise to revoke the trust, the intended trust is enforceable by the beneficiary, upon the death of the depositor, as to any part remaining on deposit on his death, if he has not revoked the trust." And in the comment on the above statement, it is said: "If a person makes a savings deposit in a bank in his own name 'as trustee' for another person, his intention may be either (1) to create a revocable trust, or (2) to create an irrevocable trust, or (3) not to create a trust. Evidence may be admitted to show which was his intention. In the absence of evidence of a different intention of the depositor, the mere fact that a deposit is made in a savings bank in the name of the depositor 'as trustee' for another person

is sufficient to show an intention to create a revocable trust. To such a trust the rule stated in this section is applicable. Such a trust is called a 'tentative trust.'" In Martin *v*. Funk, 75 N. Y. 134 (31 Am. R. 446), it was said: "S. deposited in a savings bank moneys belonging to her, in trust for M. and K., who were her distant relatives. She retained the pass-books until her death, drawing out only one year's interest, and M. and K. were ignorant of the deposit. *Held,* that the transaction constituted an effectual trust for their benefit, on the death of S." In Re Totten, supra, it was said: "After much reflection upon the subject, guided by the principles established by our former decisions, we announce the following as our conclusion: A deposit by one person of his own money in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass-book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor." In the light of these authorities, we hold that neither the retention of the pass-book, the absence of notice to the beneficiary, nor the withdrawals from and additions to the deposit had the effect of disproving an intention on the part of the depositor to create a trust; and we further hold, in harmony with the overwhelming weight of authority, that the deposit here involved is presumptively a tentative trust, and in the absence of evidence to rebut this presumption the beneficiary is entitled to the fund. The evidence for the defendants clearly failed to disprove an intention on the part of the depositor to create a trust, while the evidence for the plaintiff in error tended to prove that the intention of the depositor was to create a trust in her favor.

It is urged by defendants in error that since the trust here relied upon was an express trust, to be valid it must be expressed in writing as required by the Code, § 108-105. A sufficient answer is the testimony of an agent of the bank, that at the direction of the depositor a written entry of deposit was made on the records of the bank in the name of the depositor as trustee for the plaintiff in

error, that a pass-book evidencing such deposit was issued by the bank in favor of the depositor as trustee, and that the depositor signed an identification card as trustee for Alice Frances Wilder. In view of these facts, as well as the decisions of the courts of other States where the statute of frauds is also of force, this contention of the defendants in error is without merit.

It is further contended that the deposit here involved was testamentary in character, and therefore was void because violative of the wills act, in that it was not executed with the formalities required in the execution of a will. In the first place, the intention of the depositor at the time the deposit is made is, under the authorities, the controlling question as to whether or not a trust is created; and since the deposit here involved, standing alone, is held to be presumptively a tentative trust, unless evidence is produced showing that the depositor had no intention of creating a trust, or that she later revoked the same, it stands as an executed trust as of the time of its creation. Furthermore, in the States where the courts have sustained similar deposits as tentative trusts (which decisions are cited above) the wills act is of force; and those decisions are adjudication that such a deposit is not testamentary in character. In American Law Institute's Restatement of the Law of Trusts, § 57(3), a number of described intended trusts are said to be testamentary; but § 58 of the same work (heretofore quoted) declares that a deposit made and handled as the one involved in the instant case is a valid trust, is expressly excepted from the rule declaring other trusts testamentary; and in the comment (p. 175) it is said: "Where the owner of property transfers it inter vivos to another person in trust, the disposition is not testamentary merely because the interest of the beneficiary does not take effect in enjoyment or possession before the death of the settlor, or because in addition he reserves power to revoke or modify the trust. In such a case the trust is created in the lifetime of the settlor; and the mere fact that he can destroy it or alter it does not make the disposition testamentary, although if the trust were not to arise until his death the intended trust would be testamentary." Buteau v. LaValle, 284 Mass. 276 (187 N. E. 628); 1 Bogart on Trusts 221, § 47; 68 C. J. 620, § 241; 12 R. C. L. 949, § 24. The deposit here involved was not testamentary.

*Judgment reversed. All the Justices concur.*