## 21068.   SAMMONS v. TINGLE.

CANDLER, Justice. Florence Gay Tingle instituted an equitable
action in the Superior Court of Laurens County against George
A. Tingle and Irene Tingle Sammons, to cancel a security deed
which the defendant George A. Tingle executed and delivered
to the defendant Irene Tingle Sammons, his sister, on Decem-
ber 3, 1957, and to enjoin a public sale by her of George A.
Tingle's equity of redemption or equitable interest in the
property described in the security deed which he had given to
her subsequently to one given to the Veterans Administration
as security for a loan. Her petition alleges that she is the
estranged wife of the defendant George A. Tingle; that she
acquired title from her father to a certain lot or parcel of
land in Laurens County; that she conveyed it to her husband,
without any consideration, on February 2, 1957, so that he,
as a veteran of the Second World War could pledge it as
security for a loan from the Veterans Administration for the
purpose of constructing a home on it; that her husband agreed
to reconvey it to her as soon as his loan was obtained and
closed, with the understanding that his deed to her would
not be recorded until after such loan was fully consummated;
that he obtained his loan from the Veterans Administration
and reconveyed it to her on March 11, 1957, and she did not
have the deed of reconveyance recorded until July 28,
1958. Her petition further alleges that her husband, by a
second security deed, and for a recited consideration of
$716.67, conveyed the same property to the defendant Mrs.
Irene Tingle Sammons on December 3, 1957, and that she (Mrs.
Sammons) at that time had actual knowledge of the fact
that the defendant George A. Tingle had previously recon-

veyed it to the plaintiff. The petition also alleges that the defendant Irene Tingle Sammons is advertising the property for public sale on a regular sale day, pursuant to a power of sale contained therein but subject to the security deed which the defendant George A. Tingle had previously given to the Veterans Administration. The defendant George A. Tingle filed no defensive pleading. The court overruled general and special demurrers which the defendant Irene Tingle Sammons interposed to the petition, and after a hearing temporarily enjoined her from proceeding to sell the defendant George A. Tingle's interest in the property under a power of sale contained in her security deed from him. The exceptions are to those judgments. *Held:*

When the allegations of the petition in the instant case are tested by the rulings of this court in *Glosser v. Powers,* 209 Ga. 149 (71 S. E. 2d 230), and the authorities there cited, it must be held that the deed of reconveyance which the plaintiff obtained from her husband on March 11, 1957, was a fraud against the United States Government (38 U. S. C. A. § 694 et seq; 38 U. S. C. A. § 697a; 38 U. S. C. A. § 454a); and since this is true, she comes into a court of equity with unclean hands and is therefore not entitled to any of the relief sought by her petition. In this connection, see also *Robinson v. Reynolds,* 194 Ga. 324 (21 S. E. 2d 214); *Conklin v. Lewis State Bank,* 207 Ga. 106 (60 S. E. 2d 447); and *Jones v. Dinkins,* 209 Ga. 808 (76 S. E. 2d 489), and the several authorities cited in those three cases.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 14, 1960—DECIDED NOVEMBER 22, 1960—
REHEARING DENIED DECEMBER 5, 1960.

*Rollin A. Stanley, Al Hatcher,* for plaintiff in error.
*Jones & Douglas, Paul J. Jones, Jr.,* contra.