43295.  BRACEWELL v. BRACEWELL et al., Administrators.

PANNELL, Judge.  On June 22, 1965, G. T. Bracewell and W. H. Bracewell were appointed administrators of the estate of James Bracewell, deceased, pursuant to an agreement of the seven sons of James Bracewell (including the administrators) and his widow.  On October 11, 1966, the administrators filed a return covering the period from June 22, 1965, to June 21, 1966.  There being no objection to this return, it was allowed and ordered recorded on November 11, 1966, by the ordinary.  On November 28, 1966, J. L. Bracewell, a son of the deceased and a distributee of the estate, brought a citation for settlement against the administrators under *Code* § 113-2201.  The administrators filed a response to the citation which called attention to the prior return and that no objections had been made thereto and contended that the return became "final and conclusive" and further alleging that all debts and claims against the estate had been paid in full; that the only assets remaining in their hands is cash in the amount of $282.61 and 202½ acres of land; that the widow is 82 years of age and has. not waived her widow's rights and especially her right to dower in said land; that there are no minor children or heirs involved in the estate; that all expenditures for their mother's care, comfort, and support and medical expenses as shown by their returns were made pursuant to an agreement among all the children.  Attached to this response was a statement showing receipts and disbursements from the previous return

554

up to and including February 6, 1967. J. L. Bracewell on February 17, 1967, filed what he termed his caveat to the returns of the administrators, claiming as a part of the estate (shown to the contrary on the first return) $7,000 of a sum of money deposited in the name of the deceased, James Bracewell or Mary Bracewell, his widow, and also objecting to payments made in support of the widow which were in excess of $175 per month, claiming that that was the agreement between the children. There were some other objections not here material. After a hearing on the objections, the ordinary overruled and disallowed the objections and ordered the return "to become final" on May 1, 1967. So far as the record discloses, no ruling was made upon the citation for final settlement and no order entered by the ordinary ordering distribution of the remaining funds. The order entered was appealed to the superior court and was tried before the judge without a jury. After hearing evidence, the trial court entered an order which recited "Appellant only objects to the monthly expenditures on behalf of his mother, Mrs. Mary Bracewell, and to the title of the $7,000 savings account that was in the name of 'James Bracewell or Mary Bracewell' " and held that the first return, not having been objected. to within the time allowed by law, became "conclusive and final on November 11, 1966." However, the court went further and considered the evidence relating to the objections and, based thereon, held that the evidence demanded a finding in favor of the administrators and overruled the objections of the appellant and further adjudged that the returns filed by the administrators "have become final." A motion was made to dismiss the appeal in this court. *Held:*

1. The motion to dismiss the appeal in this court is without merit.
2. Section 1 of the Act approved February 15, 1952 (Ga. L. 1952, p. 305) amending the "building and loan act" (Ga. L. 1937-38, Ex. Sess., p. 307) provides: "Joint accounts. A State-chartered association or a Federal savings and loan association may issue accounts to two or more persons, as A or B, or as A or B or C (using the names of such persons) in which event any of such persons who shall first act shall have power to act in all matters related to such account whether the other person or persons named on such account be living or not. The title hereby contemplated and created shall be

the full equivalent of the common law joint tenancy with right of survivorship." See *Code Ann.* § 16-431. Accordingly, where, as in the present case, it appears that the deceased had deposited money in a federal savings and loan association and the account was designated as the account of the deceased *or* his wife, naming both, the wife became the owner of the money so deposited upon the death of the husband. The trial court did not err in so holding, and in overruling an exception to a return of the administrators showing such funds as belonging to the wife and widow.

3. Under *Code* § 113-2201 one distributee or legatee may proceed for an accounting and settlement without joining other distributees or legatees as parties, and the representative of the estate is not required, unless he so desires for his own protection, to make other distributees or legatees parties to the proceeding. *Robinson v. Ga. Savings Bank &c. Co.,* 185 Ga. 688, 694 (2) (196 SE 395). A proceeding under this section by a distributee or legatee is distinct from that of a legal representative of an estate under the same section. *Harrell v. Warren,* 105 Ga. 476 (1) (30 SE 426). The failure to make the widow a party, therefore, does not preclude the determination of the question as to whom the funds deposited in the joint account belonged in ruling on a caveat to the returns of the administrators showing title in the widow rather than the estate, and particularly so where the determination here is to the widow's favor.

4. The evidence was sufficient to authorize a finding that the payments made by the administrators for the benefit of the widow of the intestate were in accordance with an agreement of all the intestate's children, including the caveator. It follows, therefore, that all of the findings by the trial court, by whom the case was tried without a jury, in considering the evidence aliunde the first return of the administrators, such findings being in favor of both returns of the administrators, must be affirmed. And this must be done irrespective of the fact that the first return, unobjected to, was not conclusive, but only prima facie evidence thereof; and irrespective of the fact that evidence was not undisputed as to the agreement for expenditures for support of the widow.

5. The ordinary not having rendered any judgment relating to the citation for settlement, after approving the returns, and the judgment of the trial judge on appeal to the superior court

reciting that the only contentions of the caveator related to the returns, this court will not pass upon a question neither decided by the ordinary, whose judgment was appealed from, nor by the superior court on appeal.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 9, 1968—DECIDED APRIL 1, 1968.

*C. C. Crockett,* for appellant.

*Nelson & Nelson, James F. Nelson, Carl K. Nelson, Jr.,* for appellees.