### 25436. CARROLL v. LITTLEFORD.

Argued September 11, 1969—Decided October 8, 1969.

*Charles A. Cole, Jr.,* for appellant.

*Hansell, Post, Brandon & Dorsey, Dent Acree,* for appellee.

Almand, Chief Justice. This is an appeal from an order granting the plaintiff's motion for a partial summary judgment.

The parties, Charles A. Carroll and Mary R. Littleford, were formerly husband and wife, and are the parents of Michael C. Carroll, a minor.

The record discloses that the parties entered into a separation agreement in the state of New York, where they then resided, on March 28, 1962. Under this agreement, the father agreed to pay to the mother $100 per week for her support and Michael's. Of this sum, $50 was for the support and maintenance of Michael, whose custody was given to the mother. The agreement provided: "Said support and maintenance payments shall commence with the Monday following the execution of this agreement and shall be made every Monday thereafter except that after the exhaustion of the Excrow [sic] Fund on deposit with the Bank of Huntingdon, as hereinafter provided, and for the convenience of the husband such payment may be made every second Monday in advance. Said payments for Michael shall be continued for such period of time as Michael resides with the wife irrespective of whether wife re-marries or not. Also payments for wife shall continue for Michael while wife is on vacation, or is ill, or on a business trip even though during such time Michael is with husband; or while Michael is with husband under visitation rights. Said payments for Michael shall cease when he (1) becomes self-employed, (2) marries, or (3) attends college provided husband is paying for attendance thereat, or (4) enters armed forces, or

(5) in any circumstances which will make it impossible for the wife to retain custody of Michael. . .

"(9)   The payment of $100 per week shall be reduced to $50 for Michael only should wife re-marry.   In such event wife agrees to deposit $25 of each weekly payment for college education and well-being of Michael and forward deposit tickets evidencing such deposits to husband.   Such deposits shall be Totten Trusts of wife for Michael."

On July 17, 1968, the mother, now Mary R. Littleford, brought her complaint against the former husband, now a resident of Georgia, in which she sought a money judgment for his alleged failure to comply with the separation agreement as to payments of money for the support of Michael and Scott, the two minor children.

In his answer, the defendant denied that he had breached the agreement.   He alleged that the plaintiff was withdrawing moneys from the trust fund set up in the agreement, "for college education and well-being of Michael," and was using said money for Michael's normal daily necessities.   He asked that the plaintiff be enjoined from withdrawing said funds for such purposes.   He also prayed for injunctive relief and for an accounting of the funds previously withdrawn.

Under the answers of the parties to interrogatories submitted one to the other, the following facts appear: Of all the $50 payments made to her, she had deposited $25 in an account in a New York bank in the name of "Mary R. Littleford in trust for Michael C. Carroll."   Of these deposited funds, she had withdrawn a stated amount which was used to buy food and clothing for Michael.

When the defendant learned that the plaintiff was withdrawing the trust funds for the ordinary living expenses of Michael, he created a trust fund in a bank in Sandy Springs, Georgia, for the benefit of Michael.   On January 31, 1969, this fund amounted to $1,300.

In her motion for a summary judgment, the plaintiff asserted that under the pleadings, the answers to the interrogatories, and her affidavit, there was no genuine issue as to any material fact, and that she was entitled to a judgment as a matter of law.

The court, upon consideration of the plaintiff's motion and the affidavit of the defendant objecting to the grant of a summary judgment, entered a judgment granting part of the relief sought by the plaintiff.

The court found as a matter of law, under the laws of the state of New York, that the moneys deposited by the plaintiff in a trust fund for the support of Michael constituted a Totten Trust of the mother for the benefit of Michael and that under the separation agreement, she had the right to use the funds from the Totten Trust at any time during the existence of the trust for the well being of Michael, as well as for his college education. The defendant was ordered by the court to transfer the sum of $1,440 on deposit in the Sandy Springs bank in the name of, "Charles A. Carroll, custodian for Michael C. Carroll," to the Totten Trust account in a named bank in New York.

The appeal is from this order. Errors enumerated are: (1) that the court erred in partially sustaining the plaintiff's motion for a summary judgment because there existed a genuine issue of fact; (2) that the court erred in construing paragraph 9 of the separation agreement to mean that, as a matter of law, the plaintiff had the right to use the funds from the Totten Trust at any time for the well being of Michael and for his college education; (3) that the court erred in ordering the fund established by the defendant for the benefit of Michael transferred from the Georgia bank to a New York bank; and (4) that the court erred in failing to stay the execution of the partial summary judgment pending the resolution of certain questions raised by appellant's counterclaim.

■ This case involves the construction of a contract entered into between the parties in the State of New York. Accordingly, the construction placed by the courts of New York upon similar contracts will control.

■ It is well settled by the court decisions in New York that interpretations of written contracts ordinarily present questions for the court. Martocci v. Greater New York Brewery, 301 N. Y. 662 (93 NE2d 926), and when the intention of the parties can be found in the unambiguous written contract, its interpretation is a question for the court and not for a jury. Nichols v. Nichols, 306 N. Y. 490 (119 NE2d 351).

■ The term "Totten Trust Account" was first defined in the case of In re Totten, 179 N. Y. 112, 125 (71 NE 748), where the court said: "A deposit by one person of his own money in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as the delivery of the passbook or notice to the beneficiary."

The defendant's obligation was to pay weekly sums to the plaintiff, as provided in Par. 8 (b) of the separation agreement. The sum of $50 a week was to be paid for, "the support and maintenance of Michael," and $25 of this weekly sum deposited as a "Totten Trust of wife for Michael," for his "college education and well being." The effect of such a form of deposit is to "create the presumption that the depositor intended to establish a revocable or tentative trust which would become irrevocable and pass to the named beneficiary upon the death of the depositor." Dumpson v. Taylor, 237 N. Y. S. 2d 871; *Wilder v. Howard*, 188 Ga. 426, 429 (4 SE2d 199).

We do not agree with the defendant's contention that the plaintiff could only withdraw the funds from the Totten Trust account to pay for Michael's college education. Under Par. 8 (b), of the separation agreement, the sum of $25 weekly was a part of the $50 paid to the plaintiff, "for the support and maintenance of Michael." In this same paragraph, it was provided that this payment for Michael would cease upon the happening of one of five events, one of which was when Michael, "attends college provided husband is paying for attendance thereat."

The court properly held that the plaintiff had the right to withdraw from the Totten Trust moneys necessary for the support and well being of Michael.

■ When the defendant ceased sending the $25 to the plaintiff for deposit in the Totten Trust account, and set up an account in the Sandy Springs Bank in his name as custodian of Michael, into which he made deposits of $25 a week, this action was contrary to the terms of the separation agreement. When

the court found that the plaintiff had not breached the agreement and that she had control of all funds paid for the support of Michael, it was not error to order the funds transferred to the Totten Trust account in New York. Nor was it error for the court to refuse to stay this portion of the order until the trial of the issues raised by defendant's counterclaim.

It was not error to grant, on motion of the plaintiff, a partial summary judgment.

*Judgment affirmed. All the Justices concur.*