25598, 25599. SPIVEY, Executor v. METHODIST HOME
OF THE SOUTH GEORGIA CONFERENCE, INC.
et al.; and vice versa.

UNDERCOFLER, Justice. John B. Spivey, as executor of the last
will and testament of Virginia Nunez Dawkins, deceased,
filed a petition for declaratory judgment and directions. He
alleged that in undertaking to marshal the assets of said
estate he discovered that Virginia Nunez Dawkins had estab-
lished a number of bank and savings accounts in different
names. He claimed that Virginia Nunez Dawkins had re-
tained ownership of these accounts and the funds therein
were part of her estate. There are four different types of
accounts involved in this appeal. One was established at
the Spivey State Bank, Swainsboro, Ga., as "J. B. Nunez,
by Virginia N. Dawkins." Three were established at the
First Federal Savings and Loan Association of Swainsboro
as follows: Account No. 1493, "Dawkins, Mrs. Virginia N.
or Methodist Orphanage"; Accounts Nos. C-243 and 1592,
"Debra Dawkins, by Virginia N. Dawkins, guardian";
Accounts Nos. C-244 and 2005, "Methodist Orphanage,
Macon, Ga. by Virginia N. Dawkins."

The evidence showed: The deceased had instructed the officials
of the Spivey State Bank and the First Federal Savings &
Loan Association not to deliver any mail to any other person
regarding the accounts, had retained the power of withdrawal
exclusively during her life, and had retained the passbooks
and other evidence of ownership. The husband of the de-
ceased testified that his wife did not intend "the money to
go to any of these people in these accounts . . ." J. B.
Nunez testified that he had an agreement with the deceased
to keep certain sums of his money on deposit for him. The
signature card on account No. 1493 stated, "Payable on
death . . . as joint tenants with right of survivorship
and not as tenants in common, and not as tenants by the
entirety . . ." There were no signature cards for ac-
counts numbers C-244 and 2005. The Methodist Orphanage,
Macon, Georgia, and The Methodist Home of the South
Georgia Conference, Inc., are one and the same institution.

There was no reference to these accounts or the parties thereto
in the deceased's will. No objections were made to the
admission of any of this evidence. Upon agreement of
counsel the trial court passed on questions of law and fact.

After hearing evidence, it entered judgment holding that: (1) The Spivey State Bank account listed "J. B. Nunez, by Virginia N. Dawkins" belonged to J. B. Nunez; (2) Account No. 1493 was owned by the Methodist Orphanage, Macon, Georgia, which was the same institution as the Methodist Home of South Georgia Conference, Inc.; (3) Accounts C-243 and 1592 vested in Debra Dawkins; and (4) Accounts C-244 and 2005 vested in the executor of the estate of Mrs. Virginia N. Dawkins. The executor appealed and enumerated as error the court's findings in (1), (2), and (3) above. The Methodist Home of the South Georgia Conference, Inc., cross appealed and enumerated as error the court's findings in (4). *Held:*

1. "Joint accounts. A State-chartered association or a Federal savings and loan association may issue accounts to two or more persons, as A or B, or as A or B or C (using the names of such persons) in which event any of such persons who shall first act shall have power to act in all matters related to such account whether the other person or persons named on such account be living or not. The title hereby contemplated and created shall be the full equivalent of the common law joint tenancy with the right of survivorship." Ga. L. 1937-38, Ex. Sess., pp. 307, 318; 1952, p. 305 (*Code Ann.* § 16-431), Accordingly, we hold that the trial court did not err in decreeing that the Methodist Orphanage, Macon, Georgia, was entitled to the funds in the First Federal Savings & Loan Association of Swainsboro designated as account No. 1493, "Dawkins, Mrs. Virginia N. or Methodist Orphanage." *Bracewell v. Bracewell,* 117 Ga. App. 553 (2) (161 SE2d 390). See also *Wilson v. Brown,* 221 Ga. 273 (2) (144 SE2d 332). Furthermore, the evidence was sufficient to authorize the court to find that the Methodist Orphanage, Macon, Georgia, was the same institution as the Methodist Home of South Georgia Conference, Inc.

2. "By the weight of authority, where a person deposits money in a savings bank to the credit of himself as representative, trustee, or agent of a designated person or estate, this at least prima facie creates a tentative trust for the named beneficiary; and where the depositor dies and leaves such an account open and unexplained, without having made any declaration or decisive act of disaffirmance, 'the presumption arises that an absolute trust was created as to the balance

on hand at his death.' 3 R. C. L. 715-717; 26 R. C. L. 1201, § 39; 65 CJ 293, 294." *Reynolds v. Dorsey*, 188 Ga. 218, 220 (3 SE2d 564). "Where a person makes a deposit in a savings bank in his own name as trustee for another person, retains the bank book, gives no notice to the beneficiary, makes withdrawals from the deposits in the account, and dies leaving the account unexplained, the beneficiary is entitled to the balance remaining at the death of the depositor, unless evidence is produced that overcomes the legal presumption in favor of the trust, by showing that the depositor never intended to create a trust, or has revoked the same." *Wilder v. Howard*, 188 Ga. 426 (4 SE2d 199). "Whatever the inference may be as to the intention of the depositor arising from the form of the deposit, evidence of his words and conduct is admissible to show what his actual intention was." I Scott on Trusts, (2d Ed.), p. 478, § 58.1; *Wilder v. Howard,* supra. See *Taylor v. C & S Bank*, 226 Ga. 15.

Under these rulings the question of the establishment of a trust and the ownership of the other accounts was one of fact. In our opinion the evidence was sufficient to support the findings of the trial court as trior of the facts. The trial court's findings with respect to Accounts Nos. C-244 and 2005 are not inconsistent with its findings on the other accounts for the reason that the testator made no declaration of trust with respect to these accounts nor is there any evidence showing that she intended to establish a trust therein. The mere fact that these accounts were opened in the name of third parties "by" the testator is insufficient to create the presumption of a trust.

*Judgment affirmed on the main appeal and on the cross appeal. All the Justices concur, except Felton, J., who dissents from the judgment in case No. 25599.*

ARGUED JANUARY 13, 1970—DECIDED FEBRUARY 5, 1970.

*William B. Clark, Spivey & Carlton, John B. Spivey,* for appellant.

*Jones, Cork, Miller & Benton, Frank C. Jones, Tom K. Smith, Rountree & Rountree, Williams, Smith & Shepherd, Felix C. Williams,* for appellees.

FELTON, Justice. 1. Main appeal. I concur in the rulings

on the main appeal for the reason that the law will not come to the aid of any party and privy when such party's claim or defense is based on immoral and illegal transactions and the conduct of the party will be conclusively presumed to affect adversely her privy succeeding to her rights and liabilities. The evidence was that Mrs. Dawkins made the various accounts to avoid the payment of taxes.

2. Cross appeal. I dissent from the judgment relating to the trust accounts for the Methodist Home of South Georgia Conference, Inc., Nos. C-244 and 2005. The fact that there was no identification of signature card filed with these accounts is irrelevant since the bank already had such a card with reference to an account in Virginia N. Dawkins' own name and there was no joint tenancy question as to the Methodist Home account. The only evidence to refute the trust created in these accounts was that Mrs. Dawkins made the deposits to avoid the payment of taxes. *Reynolds v. Dorsey,* 188 Ga. 218, supra, applies. *Taylor v. C & S Bank,* 226 Ga. 15, supra, cannot. *Fouche v. Brower,* 74 Ga. 251; *Atlanta Assn. of Fire Ins. Agents v. McDonald,* 181 Ga. 105 (181 SE 822); *Griffith v. City of Hapeville,* 182 Ga. 333 (185 SE 522); *McKinney v. Atkinson,* 209 Ga. 49 (70 SE2d 769); *Sammons v. Tingle,* 216 Ga. 509 (117 SE2d 531).