Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Melting Pot, Inc., Appellee.

Argued November 19, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*J. Leonard Langan*, Assistant Attorney General, with him *Kenneth W. Makowski*, Acting Chief Counsel, and *Edward Biester, Jr.*, Attorney General, for appellant.

*Michael J. Murphy*, with him *Robert T. Kane*, for appellee.

OPINION BY JUDGE CRAIG, December 18, 1980:

The Pennsylvania Liquor Control Board (LCB) has appealed from an order of the Common Pleas Court of Allegheny County which sustained the appeal which Melting Pot, Inc. (licensee) had taken from the LCB's imposition of a fine upon licensee for allegedly permitting gambling on the premises of licensee's bar.[1]

The only question is whether the common pleas court erred as a matter of law in concluding that the LCB's proof of gambling was insufficient on the ground that certain statements, offered to show the gambling nature of the transaction, were hearsay.

In the de novo hearing in the common pleas court, the LCB agent testified that he observed a bar patron,

---

[1] The fine was based upon Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-471.

after playing a pinball machine, tell a waitress that "he had hit for 34 games on the pin-ball machine." The LCB agent also testified that, after the waitress had relayed the information to the bar manager, the manager viewed the 34 games registered on the machine (as did the LCB agent himself) and then gave $3.40 to the patron and told the patron "to knock the games off the pin-ball machine," namely, to cause the game indicator to "rack off" and go back to zero.

In offering the testimony, LCB counsel expressly stated that he was not offering the testimony to prove the truth of the statements, but rather to show that a "man was gambling."[2]

We have little doubt but that gambling talk, when offered to characterize a transaction as gambling, is not hearsay and is therefore admissible as substantive proof. A strong and common example is testimony of raiding police officers concerning their receipt of telephone calls placing bets, offered to identify the raided premises as a gambling place, which is admissible as not being hearsay. *Commonwealth v. DiSilvio*, 232 Pa. Superior Ct. 386, 335 A.2d 785 (1975). Thus, here, the patron's statement, not being offered to prove the fact of winning or the number of games won, constituted the "verbal part of the act," as characterized in J. Wigmore, 6 *Evidence* §1772 (1976), describing the present situation, where the tenor of an ambiguous act is to be ascertained by considering the words accompanying it.

By the same token, the testimony with respect to the manager's direction, to delete the number-of-

---

[2] Apart from the offer, LCB counsel argued for admissibility under the res gestae concept. Wigmore condemns the term res gestae as harmfully ambiguous, J. Wigmore, 6 *Evidence*, §1767, because it is used to refer to hearsay exceptions such as the excited utterance rule and three other exceptions, *Commonwealth v. Coleman*, 458 Pa. 112, 116, 326 A.2d 387, 389 (1974), and also to verbal acts not hearsay. *See Merigan v. McGonigle*, 205 Pa. 321, 54 A. 994 (1903).

games indication, could not be intended to prove the "truth" of the content of a command to be executed thereafter, but only to show that more gambling talk accompanied the payment of the money. Words accompanying the delivery of money are not hearsay and are admissible to make definite the effect of the act. J. Wigmore, 6 *Evidence* §1777.

Although the common pleas court opinion does state that the testimony was admitted "merely to show that the statements were made, not to the truth of the averment," the court's opinion nevertheless characterizes the testimony as "hearsay" and therefore as being an insufficient basis for the penalty.

Our conclusion must be that the LCB agent's testimony was fully competent for the purpose offered, to show a gambling transaction. We therefore must reverse with a remand for reconsideration in the event there may be any question of credibility.[3]

It must be noted, however, that the LCB agent's testimony as to the transaction between the *manager* and the patron was not contradicted; neither the bar manager nor the waitress were presented as witnesses, and the licensee testified only that paying off on pinball machines was not his "policy", and that he had no reason to believe that the waitress was permitting gambling. However, loath to invade the province of the trial judge who heard this case de novo, we remand for the purpose stated.

## Order

And Now, this 18th day of December, 1980, the order of the Common Pleas Court of Allegheny County,

---

[3] The licensee's counsel contends that the judge below, having admitted the evidence, must have based his decision upon the credibility rather than the competency of the testimony, however, the opinion expressly rejects the LCB conclusion on the basis of "conjecture and hearsay," not credibility.

dated April 6, 1979 is reversed and this case is remanded for reconsideration in accordance with the opinion herein.

CONCURRING AND DISSENTING OPINION BY JUDGE MACPHAIL:

I concur with that part of the majority opinion which holds that the trial judge erred as a matter of law when he held the evidence submitted by the Liquor Control Board (Board) to be hearsay.

I respectfully dissent as to that part of the opinion and order which remands the case to the trial court for reconsideration. I think the evidence in the case is clearly sufficient to prove the charge of gambling.

Accordingly, I would reverse and reinstate the order of the Board.